UNITED STATES DISTRICT COURT FOR
<u>THE SOUTHERN DISTRICT OF NEW YORK</u>

| | |
|---|---|
| RED ROCK SOURCING LLC; and CORONADO DISTRIBUTING LLC,<br><br>    Plaintiff(s)<br><br>  -against-<br><br>JGX, LLC; and LIBERTY INTERNATIONAL DISTRIBUTORS, LLC,<br><br>    Defendant(s) | Case No. 21-cv-01054-JPC<br>**ESI Plan and [Proposed] Order** |

**The parties in this action stipulate and agree that the following ESI Plan and [Proposed] Order shall govern the preservation, collection and production of electronically stored information and documents in this action.**

**(1) Description of Claims/Counterclaims/CrossClaims:**

  Plaintiffs have asserted claims against Defendants for: (i) violation of 18 U.S.C. § 1962 (Racketeer Influenced and Corrupt Organizations Act); (ii) trademark infringement; (iii) contributory trademark infringement; (iv) false designation of origin and unfair competition under the Lanham Act; (v) false advertising under the Lanham Act; (vi) deceptive business practices under New York law; (vii) trademark infringement under New York common law; (viii) tortious interference with prospective economic advantage under New York common law; (ix) unfair competition under New York common law; (x) unjust enrichment under New York common law; and (xi) dilution by tarnishment under New York law.  Plaintiffs' claims arise as a result of, *inter alia*, Defendants' fraudulent scheme to produce, import, distribute, and sell or offer for sale hand sanitizer under the URBĀNE Marks and URBĀNE Brand (as defined in the Complaint).

  Defendant JGX, LLC ("JGX") has asserted cross-claims against Defendant Liberty International Distributors, LLC ("Liberty") for: (i) equitable indemnity; (ii) equitable contribution; and (iii) declaratory judgment.

  **(a) Plaintiff's Estimated Monetary Damages and Description of Other Relief Sought:**

  Plaintiffs seek the following categories of damages: Defendants' profits and Plaintiffs' actual damages, as well as compensatory, restitution, statutory, and treble damages.  Plaintiffs also seek to recover their reasonable attorneys' fees and costs as prevailing parties in this action under 15 U.S.C. § 1117, based on the case being exceptional, and 18 U.S.C. § 1864, and under other applicable law.  Plaintiffs also seek injunctive relief to permanently enjoin Defendants

from, *inter alia*, further infringing on Plaintiffs' intellectual property rights and otherwise continuing to harm Plaintiffs as a result of the course of conduct set forth in the Complaint.

**(b)     Defendant's Estimated Damages on any Counterclaim/Cross-Claims and Description of Other Relief Sought:**

JGX seek the following category of damages on its Cross-Claims:
Equitable Indemnity, Equitable Contribution and Declaratory Judgment for the full amount, if any, to which Plaintiff is entitled to from Defendants. JGX further seeks a dismissal of all Plaintiffs' claims.

**By signing below, counsel for the parties confirm that they have factored in the potential damages and relief sought in this case, as well as the resources of the parties, to develop an ESI Plan that is proportional to the needs of this case.**

**(2)     Meet and Confer.**  Pursuant to Fed. R. Civ. P. 26(f), counsel are required to meet and confer regarding certain matters relating to electronic discovery before the Initial Pretrial Conference (the Rule 16 Conference). Counsel hereby certify that they have met and conferred to discuss these issues.

Dates(s) of parties' meet and confer conference(s) April 1, 2021.

**(3)     Preservation.**

**(a)     The parties have discussed the obligation to preserve potentially relevant electronically stored information and agree to the following scope and methods for preservation, including but not limited to:**

Plaintiff(s):

Will preserve and retain email correspondence, text messages, instant messages, ephemeral data, business records and communications, financial and transactional records and spreadsheets, and such other documents that it comes to understand are reasonably related to the matters set forth in the pleadings. Jeff Daprizio, Tom Bruss, and Randy Toltz are the individuals who are responsible for data preservation for Plaintiffs.

Defendant(s):

Will preserve and retain email correspondence, text messages, instant messages, ephemeral data, business records and communications, financial and transactional records and spreadsheets, and such other documents that it comes to understand are reasonably related to the matters set forth in the pleadings. Jack Grazi and Nouri Jaradeh are the individuals who are responsible for data preservation for JGX.

**(b)  State the extent to which the parties have disclosed or have agreed to disclose the dates, contents, and/or recipients of "litigation hold" communications.**

The parties have not disclosed or agreed to disclose the dates, contents, and/or recipients of "litigation hold" communications.

**(4)  Collection**

**(a)  State the extent to which the parties have agreed on the scope of documents to be collected (e.g., custodians and files/folders, servers, databases) for search and review and agreement on methods of collection.**

Plaintiffs will collect, with the assistance of Plaintiffs' counsel, the documents it has preserved, as set forth in Paragraph 3(a), *supra*, from Jeff Daprizio, Tom Bruss, and Randy Toltz for search and review.

JGX will collect, with the assistance of JGX's counsel, the documents it has preserved, as set forth in Paragraph 3(a), *supra,* from Jack Grazi and Nouri Jaradeh for search and review.

**(b)  Source(s) of Electronically Stored Information. The parties anticipate that discovery may occur from one or more of the following potential source(s) of electronically stored information [e.g., email, word processing documents, spreadsheets, presentations, databases, instant messages, web sites, blogs, social media, ephemeral data, etc.]:**

Plaintiff(s)

Email correspondence, text messages, instant messages, ephemeral data, business records and communications, financial and transactional records and spreadsheets, and such other documents that it comes to understand are reasonably related to the matters set forth in the pleadings.

Defendant(s)

Email correspondence, text messages, instant messages, ephemeral data, business records and communications, financial and transactional records and spreadsheets, and such other documents that it comes to understand are reasonably related to the matters set forth in the pleadings.

**(c)  Custodians/Databases. The parties have agreed that data will be collected from the following custodians/databases for review:**

Plaintiff(s):

3

Custodians: Jeff Daprizio, Tom Bruss, and Randy Toltz and their respective computers and mobile devices. Plaintiffs represent that Jeff Daprizio, Tom Bruss, and Randy Toltz are the only individuals who maintain Plaintiffs' documents and information.

Defendant(s):

Custodians: Jack Grazi and Nouri Jaradeh and their respective computers and mobile devices. JGX represents that Jack Grazi and Nouri Jaradeh are the only individuals who maintain JGX's documents and information.

**(5)   Search and Review**

**(a)   The parties have discussed methodologies or protocols for the search and review of electronically stored information, as well as the disclosure of techniques to be used. (Some of the approaches that may be considered include: the use and exchange of keyword search lists, "hit reports," and/or responsiveness rates; concept search; machine learning, or other advanced analytical tools; limitations on the fields or file types to be searched; date restrictions; limitations on whether back-up, archival, legacy, or deleted electronically stored information will be searched; testing; sampling; etc.) To the extent the parties have reached agreement as to search and review methods, provide details below:**

Plaintiff(s):

Plaintiffs propose that the parties use and exchange keyword search lists to run against the parties' respective document collections. Plaintiffs' proposal would include: (i) that initial keyword search lists are exchanged by no later than May 28, 2021; (ii) that the parties agree to meet and confer in good faith to address any disputes with regard to the initial keyword search lists; and (iii) that the parties reach agreement on final keyword search lists by no later than June 7, 2021. After the final keyword search lists are run against the parties' respective document collections, the parties shall conduct a privilege review and proceed with production of all responsive, non-privileged documents.

Defendant(s):

JGX proposes that the parties use and exchange keyword search lists to run against the parties' respective document collections. JGX's proposal would include: (i) that initial keyword search lists are exchanged by no later than May 28, 2021; (ii) that the parties agree to meet and confer in good faith to address any disputes with regard to the initial keyword search lists; and (iii) that the parties reach agreement on final keyword search lists by no later than June 7, 2021. After the final keyword search lists are run against the parties' respective document collections, the parties shall conduct a privilege review and proceed with production of all responsive, non-privileged documents.

**(6)   Production**

    **(a)**      **Limitations on Production. The parties have discussed factors relating to the scope of production, including but not limited to: (i) number of custodians; (ii) date ranges for which potentially relevant data will be drawn; (iii) timing of productions (including phased discovery or rolling productions); (iv) prioritization of review; and (vi) electronically stored information in the custody or control of non-parties. To the extent the parties have reached agreements related to any of these factors, describe below:**

    Plaintiff(s):

Plaintiffs will produce documents from their custodians: Jeff Daprizio, Tom Bruss, and Randy Toltz. The date ranges for potentially relevant data are October 1, 2019 to March 1, 2021. Plaintiffs may employ a rolling production in order to facilitate an efficient production of documents following review of the same.

    Defendant(s):

JGX will produce documents from their custodians: Jack Grazi and Nouri Jaradeh. The date ranges for potentially relevant data are August 1, 2019 to March 1, 2021. JGX may employ a rolling production in order to facilitate an efficient production of documents following review of the same.

    **(b)**      **Form(s) of Production and Metadata to be produced:**

    **(1)**      **The parties have readied the following agreements regarding the form(s) of productions and metadata fields to be produced:**

    Plaintiff(s):

Plaintiffs attach hereto as Exhibit A their proposal for the form of productions and metadata fields to be produced, to the extent possible.

JGX adapts and agrees to Plaintiff's Exhibit A attached hereto for the form of productions and metadata fields to be produced, t the extent possible.

    **(2)**      **Please specify any exceptions to the form(s) of production indicated above (e.g., word processing documents in TIFF with load files, but spreadsheets in native form):**

Plaintiffs' position as to any exceptions to the form of production indicated above is as set forth in Exhibit A hereto.

JGX's adapts and agrees to Plaintiff's position as to any exceptions to the form of production indicated above as set forth on Exhibit A attached hereto.

    **(3)**      **Methods to expedite review. The parties have discussed and agree to the following (e.g., de-deduplication, email threading, etc.)**

To the extent possible, the parties have agreed to de-duplication and email threading prior to producing documents to the requesting party.

### (4) Privileged Material

The parties shall comply with Federal Rule of Civil Procedure 26(b)(5)(A) and exchange privilege logs by no later than June 25, 2021.

The parties agree to meet and confer in good faith regarding whether to seek a F.R.E. 502(d) order in this case.

**The preceding constitutes the agreement(s) reached between the parties to certain matters concerning electronic discovery as of this date. Counsel certify that in connection with preparation of this ESI Plan and [Proposed] Order they are sufficiently knowledgeable in matters relating to their clients' technological systems to discuss competently issues relating to electronic discovery, or have involved someone competent to address these issues on their behalf.**

**Party:** RED ROCK SOURCING LLC   **By:** */s/ Daniel A. Schnapp*

**Party:** CORONADO DISTRIBUTING LLC   **By:** */s/ Daniel A. Schnapp*

**Party:** JGX, LLC   **By:** */s/ Harlan M. Lazarus*

**Dated:** May 18, 2021   **SO ORDERED:**

_____
John P. Cronan
United States District Judge

# Exhibit A

**Nixon Peabody Preferred Production Formatting:**

- **Image Format**: Black-and-white Group IV Single-Page TIFFs (300 DPI). Color images should be provided in .JPG format when color is necessary. Image file names should match the page identifier for that specific image and end with the .tif (or .jpg if needed) extension.

- **Database Load Files:** Documents produced shall be provided with (i) Standard Concordance delimited load file(s) and (ii) Opticon delimited cross-reference file(s). Concordance load files shall contain the fields listed in Exhibit A.

- **OCR/Extracted Text Format:** Document level text files named for the Bates number corresponding to the first page of the document. Do not include text in the load file. Text files should be in a directory named "TEXT".

- **Natives:** Documents produced in native file format shall be labeled, to the extent practicable, by assigning a Bates number as the filename (e.g., ABC0000001.xls). The load file should contain a field called "NATIVE" with the path to the corresponding native file. Native files should be in a directory named "NATIVES".
    o Excel spreadsheets and other files that cannot be imaged in a useful manner should be produced in native format to enable the parties to review those files. If there are non-printable files in the production set (mpg, wav, mdb, etc.), they should be produced as native files.
    o Counsel may seek supplemental production of native files for any produced images that are deemed unusable, unsearchable, or unduly burdensome.

- **Paper Documents:** If a party converts paper documents into electronic format, distinct documents should not be merged into a single record, and single documents should not be split into multiple records (i.e., paper documents should be logically unitized). In the case of an organized compilation of separate documents – for example, a binder containing several separate documents behind numbered tabs – the document behind each tab should be scanned separately, but the relationship among the documents in the compilation should be reflected in the proper coding of the beginning and ending document and attachment fields. For each document the title or subject, and date should be captured as metadata. If the document was originally an email, and this now only exists as paper form, the to / from / cc / date and subject should be captured as metadata too.

| EXHIBIT A ||
|---|---|
| **Field** | **Description** |
| BegProd | Bates number corresponding to the first page of the document. |
| EndProd | Bates number corresponding to the last page of the document. |
| BegProdAtt | Bates number corresponding to the first page of a document family. |
| EndProdAtt | Bates number corresponding to the last page of a document family. |
| PageCount | Number of pages/images for the document. |
| Custodian | Name of the person from where file is produced. |
| Author | The author of the document or Sender of Email |
| Recip | The recipient(s) of the document/Email. |
| CC | The individuals copied on the document/Email, if any. |
| BCC | The individuals blind copied on the Email, if any. |
| DocTitle | The title of a document or the subject of an email. |
| DocType | Type of document, such as Microsoft Word, Adobe Portable Document Format, Microsoft Excel. |
| Date Sent | The date an email was sent. |
| Time Sent | The time an email was sent. |
| Date Received | The date an email was received. |
| Time Received | The time an email was received. |
| Date Created | The date the file was created, if available. |
| Time Created | The time the file was created, if available. |
| Date Last Modified | The date the file was last modified, if available. |
| Time Last Modified | The time the file was last modified, if available. |
| Folder | The folder the document is stored in. |
| LastAuthor | Last Edited By |
| MD5Hash | MD5HASH of electronic files |
| TextPath | Path to the records' corresponding text file. Do not include actual text in load files. |
| Native | The file path that the corresponding production Native file resides in. |

4821-0835-2301.1