# Heller, Horowitz & Feit, P.C.

ELI FEIT
STUART A. BLANDER

JACOB W. HELLER
(1979-2013)
RICHARD F. HOROWITZ
(1979-2008)

ATTORNEYS AT LAW
260 MADISON AVENUE
NEW YORK, N.Y. 10016
(212) 685-7600
(917) 523-0692

OF COUNSEL
MARTIN STEIN

TELECOPIER
(212) 448-0066

WORLD WIDE WEB
http://www.hhandf.com

WRITER'S EMAIL:
mstein@hhandf.com

October 13, 2021

*Via ECF/Email*
Honorable Judge John P. Cronan
United States District Court, S.D.N.Y.
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, New York 10007-1312

      Re: *Red Rock Sourcing LLC, et al. v. JGX LLC, et al.*
        Case No.: 21-cv-1054(JPC)

Dear Judge Cronan:

  I represent Orly Ghermezian and Isaac Saba.

  I write this letter in response to the letter sent by Daniel Schnapp, plaintiffs' attorney, in which he seeks to compel the deposition of these two individuals, based on their ownership interest in Triple Five Worldwide LLC, which is not a party to this action. My clients object to the *subpoenas* purportedly served on them, on the grounds that the *subpoenas* violate Rule 45 of the Federal Rules and were not served properly; and therefore, if necessary, must be quashed, as more fully discussed below.

  Rule 45(c)(1)(A) provides that a *subpoena* may compel the deposition of a non-party only within "100 miles of where the person resides, is employed or regularly transacts business in person" Plaintiff does not dispute that neither Orly nor Isaac reside within 100 miles of the specified location for the deposition (the office of plaintiff's attorney). Moreover, although Orly and Isaac have an ownership interest in the non-party Triple Five Worldwide entity, they are prepared to submit affidavits to the effect that they have never been employed or regularly transacted business in New York or New Jersey by Triple Five Worldwide or anyone else, and they have never received any payments from, or paid any money into, Triple Five Worldwide.

## Heller, Horowitz & Feit, P.C.

Page 2

Similarly, neither Isaac nor Orly was served personally. The affidavit of service submitted on behalf of plaintiffs merely says that a copy was served on David Ghermezian who is described as a "coworker", and was mailed to Isaac and Orly at their "actual place of business" in New Jersey. However, no basis is provided in the affidavits for the quoted statements, and they are contrary to the affidavits that Isaac and Orly are prepared to submit. Accordingly, the *subpoenas* to them should be quashed pursuant to rule 45(c), for the additional reason that service was improper.

Finally, plaintiffs' willingness to hold the deposition remotely does not cure the deficiencies of the *subpoena. See Broumand v. Joseph*, 522 F.Supp. 3d 8, 23-25 (S.D.N.Y. 2021), where Judge Rakoff rejected the same argument being made by plaintiff here.

I am available for a pre motion conference at the Court's convenience.

Respectfully submitted,

Martin Stein

MS/cfd