

Nixon Peabody LLP
Tower 46
55 West 46th Street
New York, NY 10036-4120

Attorneys at Law
nixonpeabody.com
@NixonPeabodyLLP

**Daniel A. Schnapp**
Partner

T / 212.940.3026
F / 833.343.1753
dschnapp@nixonpeabody.com

October 22, 2021

*Via E-Mail/ECF*

Honorable Judge John P. Cronan
Daniel Patrick Moynihan United States Courthouse
United States District Court, S.D.N.Y.
500 Pearl Street
New York, NY 10007-1312

RE:   *Red Rock Sourcing LLC et. al. v. JGX LLC, et. al.*
      <u>Case # 21-CV-1054 (JPC)</u>

Dear Judge Cronan:

As the Court is aware, we represent Plaintiffs Red Rock Sourcing LLC and Coronado Distributing LLC (collectively, "Plaintiffs") in the above-captioned matter. We respectfully write the Court in accordance with Local Rule 37.2 and Your Honor's Individual Rules and Practices to request a pre-motion discovery conference regarding several outstanding discovery issues. Rather than burden the Court with separate letters on each issue, the following is a comprehensive list of all issues currently ripe for Your Honor's attention.

1. **Subpoenas to Rigz, LLC**

As the Court is aware, this litigation arises out of Defendants' fraudulent scheme to manufacture counterfeit hand sanitizer produced in Mexico using Plaintiffs' brand (URBĀNE). Third Party wholesaler and distributor Rigz, LLC ("Rigz") received 1.4 million units of authentic URBĀNE hand sanitizer from Plaintiffs, but claimed that Plaintiffs were not supplying product fast enough. Rigz then recruited Defendant JGX, LLC ("JGX") to source counterfeit URBĀNE hand sanitizer. In turn, JGX sourced counterfeit products from Defendant Liberty International Distributors, LLC ("Liberty") and Triple Five Worldwide, LLC ("Triple Five").

Mr. Portz is the Chief Executive Officer of Rigz, and Mr. Carelli is Rigz's head of sales. On behalf of Rigz, these two individuals were the principal actors for Rigz's involvement in the fraudulent scheme at issue. Plaintiffs and Rigz reached a confidential settlement early in this litigation, and Rigz has provided certain documents to Plaintiffs. As part of their ongoing discussions, Plaintiffs requested the depositions of Mr. Carelli and Mr. Portz. Counsel for Rigz agreed to produce them, but as discrepancies developed in Rigz's document production, Rigz's counsel has become reluctant to voluntarily produce them. On September 23, 2021, Plaintiffs' counsel provided copies of the subpoenas to Jarrett Portz and Anthony Carelli (the "Subpoenas"). Copies of the Subpoenas are attached as Exhibit A. Counsel for Rigz replied that he would "look over these subpoenas."

On October 5, 2021, Plaintiffs' counsel requested dates for Mr. Carelli's and Mr. Portz's depositions, and proposed setting them for October 14, 2021. In the same email, Plaintiffs identified specific documents sought by the subpoenas including shipping information, wire transfers (or other payment information), bills of lading, purchase orders, and invoices. Rigz's counsel replied that he was unavailable on October 14th, but would discuss with his clients and "get back to you with some other proposed dates." This was the last communication received from Rigz's attorney.

Honorable Judge John P. Cronan
October 22, 2021
Page 2

NIXON PEABODY LLP
ATTORNEYS AT LAW

NIXONPEABODY.COM
@NIXONPEABODYLLP

On October 7, 2021, Plaintiffs' counsel sent another email to Rigz's attorney asking "when we can expect to receive the remainder of the document production, and please provide dates for depositions as soon as possible." To date, Rigz's counsel has not responded. Copies of Plaintiffs' correspondence with Rigz's counsel is attached as Exhibit B.

Rigz's involvement as a wholesaler and distributor of authentic and counterfeit URBĀNE hand sanitizer makes it an integral participant in the fraudulent scheme at issue. Rigz has been given ample opportunity to comply with the Subpoenas and has refused to do so. As Plaintiffs are entitled to take the depositions of Mr. Portz and Mr. Carelli, Plaintiffs respectfully request leave to file a motion to compel compliance with the Subpoenas.

### 2. Subpoena to Benjamin Tyberg

On October 8, 2021, Plaintiffs served a subpoena to produce documents upon non-party Benjamin Tyberg.[1] A copy of the subpoena to Mr. Tyberg and corresponding affidavit of service is attached as Exhibit C. Mr. Tyberg is identified on an invoice issued by Triple Five for 50,700 units of "2oz Hand Sanitizer." Mr. Tyberg's purchase of counterfeit sanitizer from Triple Five was recently confirmed in a deposition of one of Triple Five's officers. The subpoena to Mr. Tyberg called for the production of relevant documents by October 14, 2021. Mr. Tyberg has not contacted Plaintiffs or their counsel, and has failed to produce any documents. Plaintiffs therefore request leave to file a motion to compel Mr. Tyberg to comply with the subpoena.

### 3. Subpoena to The TXJ Companies, Inc.

On August 9, 2021, Plaintiffs served a subpoena for documents upon The TJX Companies, Inc. ("TJX"). A copy of the subpoena is attached as Exhibit D. During August and September, 2021, Plaintiffs' counsel and counsel for TJX conferred regarding TJX's production of responsive records, agreeing to extend the date for production in the meantime. Specifically, TJX represented that it had located voluminous records involving the parties at issue (particularly JGX) but that a further review to locate those records related to sanitizer was too burdensome to undertake. On multiple occasions, Plaintiffs agreed to limit the scope of the document requests in the subpoena and to arrange a secure file-share whereby TJX could temporarily make the records available for Plaintiffs' review so that counsel could undertake the burden of identifying relevant records. TJX declined these offers and instead conducted an unspecified "sampling" of JGX purchase orders which did not reveal any sanitizer-related information. Instead, TJX suggested that Plaintiffs obtain their information from JGX.[2]

Plaintiffs have made every effort to assist TJX in its review and production of relevant records. Despite these offers, TJX has remained unwilling to comply with the subpoena. Plaintiffs request leave to file a motion to compel TJX to comply with its obligations under the subpoena.

### 4. Document Production from David Ghermezian

On June 9, 2021, Plaintiffs served a subpoena upon David Ghermezian seeking his testimony and the production of specified records. A copy of the subpoena to Mr. Ghermezian is attached as Exhibit F. Mr. Ghermezian did make a limited document production in advance of his deposition. However, during his

---

[1] Plaintiffs made multiple attempts to serve Mr. Tyberg, beginning on August 30, 2021. Mr. Tyberg initially agreed to meet Plaintiffs' process server to receive the subpoena on September 23, 2021, but disappeared and subsequent attempts to contact him were unsuccessful. Ultimately, Plaintiffs' were able to personally serve Mr. Tyberg after making multiple further attempts in October 2021.

[2] The communications between Plaintiffs and TJX are summarized in letters exchanged by counsel. Copies of these letters, dated October 8 and 14, 2021, respectively, are attached as Exhibit E.

4826-1564-2367.4

Honorable Judge John P. Cronan
October 22, 2021
Page 33

NIXON PEABODY LLP
ATTORNEYS AT LAW

NIXONPEABODY.COM
@NIXONPEABODYLLP

deposition on July 1, 2021, Mr. Ghermezian confirmed that his document production was incomplete and, in fact, even his search for responsive materials failed to comply with his obligations under the Federal Rules of Civil Procedure.

On October 8, 2021, Plaintiffs sent a letter to Mr. Ghermezian's counsel specifying the specific records that Mr. Ghermezian failed to produce and demanding their production by October 15, 2021. A copy of Plaintiff's letter is attached as Exhibit G. Plaintiffs have not received any response to their letter and Mr. Ghermezian has failed to make any supplemental production.[3] Despite being provided with a generous amount of time to complete his production, Mr. Ghermezian's document production remains incomplete and/or deficient. Plaintiffs therefore seek leave to compel Mr. Ghermezian to comply with the subpoena and supplement his document production.

Respectfully submitted,

/s/ Daniel A. Schnapp

Daniel A. Schnapp

Cc: All counsel (by ECF)
Jonathan Brinson, counsel for Rigz (via email to JBrinson@Polsinelli.com)
Martin Stein, counsel for David Ghermezian (via email to MStein@hhandf.com)
Christine Privitera, counsel for TJX (via email to christine_privitera@tjx.com)

The parties shall appear for a conference on November 4, 2021 at 1 p.m. At the scheduled time, counsel for all parties should call 866-434-5269, access code 9176261. Plaintiffs are ordered to serve non-parties Rigz, LLC, Benjamin Tyberg, The TXJ Companies, Inc., and David Ghermezian with a copy of this Order.

SO ORDERED.

Date:   October 25, 2021
        New York, New York

_____
JOHN P. CRONAN
United States District Judge

---

[3] Mr. Ghermezian's counsel did make a document production in connection with the October 19, 2021 deposition of another Triple Five officer (whom Mr. Ghermezian's counsel also represented). Some of the documents produced by the Triple Five officer overlapped with the outstanding requests to Mr. Ghermezian. Notwithstanding, the majority of Mr. Ghermezian's production remains incomplete.

4826-1564-2367.4