UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
                                                                :
RED ROCK SOURCING LLC and                                       :
CORONADO DISTRIBUTING LLC,                                       :
                                                                :
                            Plaintiffs,                         :            21 Civ. 1054 (JPC)
                                                                :
              -v-                                               :            ORDER
                                                                :
JGX, LLC and LIBERTY INTERNATIONAL                              :
DISTRIBUTORS, LLC,                                              :
                                                                :
                            Defendants.                         :
                                                                :
------------------------------------------------------------------X

JOHN P. CRONAN, United States District Judge:

On November 12, 2021, Plaintiffs filed a motion and accompanying papers seeking to compel non-party David Ghermezian ("Ghermezian") to comply with the subpoena served upon him on June 9, 2021 (the "Subpoena"). Dkts. 79-81. Plaintiffs contend that Ghermezian's production of documents in response to the Subpoena is deficient and identified six categories of documents in their motion for which Plaintiffs seek compulsion: (1) communications with "DJ" at Isaac Imports, (2) communications with the Mexican factory producing the counterfeit hand sanitizers, (3) communications with Isaac Saba, (4) documents related to the shipments of the counterfeit hand sanitizers, (5) communications with Ben Tyberg, and (6) communications with Don Ghermezian. Dkt. 80. On November 16, 2021, Ghermezian opposed Plaintiffs' motion to compel on the ground that he is unable "to locate certain of the documents which are the subject of this motion." Dkt. 88, Exh. 3 at 1. Ghermezian and his attorney, Martin Stein, also filed declarations in support of Ghermezian's opposition. Dkt. 88; *id.*, Exh. 4. On November 24, 2021, Plaintiffs filed a reply and accompanying papers in support of their motion to compel. Dkts. 91-92.

Following the conclusion of briefing on Plaintiffs' motion to compel, three categories of documents remain outstanding that require the Court's attention:[1] (1) communications with the Mexican factory producing the counterfeit hand sanitizers, (2) documents related to the shipments of the counterfeit hand sanitizers, and (3) communications with Don Ghermezian.  The Court addresses each of the categories of documents in turn.

## I.      Communications with the Mexican Factory Producing the Counterfeit Hand Sanitizers

Plaintiffs seek compulsion of "communications and other materials exchanged between Mr. Ghermezian and individuals associated with the factory in Mexico that was manufacturing the counterfeit URBĀNE hand sanitizer."  Dkt. 80 at 8-9.  In particular, Plaintiffs seek communications between Ghermezian and Teresa ("Tere") Ibarra Menendez and Moy Hefes.  *Id.* at 9-10; Dkt. 91 at 4-5.  Ghermezian attests in his declaration that he "produced a WhatsApp chat with Guillermo [Duarte], who was the principal contact with the factory in Mexico" and that "[d]espite [his] search [he] was unable to locate any other written communications with any representatives of the factory in Mexico."  Dkt. 88, Exh. 4 at 2.  In response, Plaintiffs contend that "Mr. Ghermezian's dismissive statement is contradicted by the documentary evidence" of Ghermezian's communications with other intermediaries for the Mexican factory, including Menendez and Hefes.  Dkt. 91 at 4-5.  Accordingly, Plaintiffs request that the Court compel Ghermezian "to search for and produce all responsive communications in this regard."  *Id.* at 5.

In light of Ghermezian's representation to the Court "under penalty of perjury" that he is "unable to locate any other written communications with any representatives of the factory in

---

[1] For the remaining three categories of documents—communications with "DJ" at Isaac Imports, communications with Isaac Saba, and communications with Ben Tyberg—Plaintiffs have informed the Court that they will be taking the depositions of the relevant non-parties and "reserve their right to raise th[ese] issue[s] with the Court," if necessary, at a later time.  Dkt. 91 at 2-5.

Mexico," Dkt. 88, Exh. 1-2, the Court denies Plaintiffs' request to compel production of Ghermezian's communications with the Mexican factory. *See Thomas v. New York City Health and Hosp. Corp.*, No. 00 Civ. 6760 (JSR) (RLE), 2005 WL 3070901, at *1 (S.D.N.Y. Nov. 12, 2005) (denying the plaintiff's motion to compel because the defendant submitted a sworn declaration stating that the records responsive to the plaintiff's requests do not exist); *Benitez v. Straley*, No. 01 Civ. 181 (CM) (RLE), 2008 WL 4093479, at *3 (S.D.N.Y. Sept. 2, 2008) ("The Court cannot require a party to produce something that does not exist[.]").

Nevertheless, Plaintiffs have presented documentary evidence suggesting that Ghermezian may have engaged in written communications with various individuals associated with the Mexican factory.  Dkt. 80 at 9-11; Dkt. 91 at 4-5.  Accordingly, within two weeks of the filing of this Order, Ghermezian is directed to submit to the Court a sworn affidavit stating: (1) his method of communicating with individuals associated with the Mexican factory producing the counterfeit hand sanitizers (i.e., email, text message, WhatsApp, telephone, videoconference, in-person); and (2) whether there ever existed any written communication between him and the individuals associated with the factory in Mexico, including but not limited to Teresa ("Tere") Ibarra Menendez and Moy Hefes.  If such written communications exist(ed), Ghermezian should provide in his affidavit an explanation of what happened to the written communications, the process that he undertook to search for these communications, why he is unable to locate them, and/or why they no longer exist.  To the extent Ghermezian discovers additional communications with individuals associated with the Mexican factory producing the counterfeit hand sanitizers that he has not yet produced to Plaintiffs, Ghermezian is ordered to produce those documents as soon as practicable and to provide an explanation to the Court as to why those documents were not previously produced.

## II.      Documents Related to the Shipments of the Counterfeit Hand Sanitizers

Plaintiffs contend that Ghermezian produced photographs of packing lists that captured only portions or incomplete images of the packing lists.  *See* Dkt. 80 at 14.  Plaintiffs seek compulsion of "original or native copies of all responsive documents in [Ghermezian's] possession, including complete copies of all packing lists and any other shipping documents."  Dkt. 91 at 6.  In his declaration, Ghermezian does not dispute that his document production contains incomplete copies of the packing lists.  Dkt. 88, Exh. 4 at 3.

Rule 45(e)(1)(A) of the Federal Rules of Civil Procedure provides that "[a] person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business."  Accordingly, Ghermezian is directed to review his production and produce complete copies of all documents produced to the extent such documents are in his possession, custody, or control, including complete copies of all packing lists and any other shipping documents.  Such review and production shall occur within two weeks of the filing of this Order.

## III.     Communications with Don Ghermezian

Plaintiffs argue that there are written communications between Ghermezian and Don Ghermezian based on Ghermezian's testimony at his deposition that "he would 'update' Don Ghermezian on the counterfeit sanitizer business."  Dkt. 80 at 16; Dkt. 91 at 6.  In his declaration, Ghermezian states that he "searched for such communications [with Don Ghermezian] and have not been able to locate any."  Dkt. 88, Exh. 4 at 3.  Plaintiffs, however, contend that because "Ghermezian's opposition does not deny the existence of such communications," he should be required to provide "a full and complete account of any such communications."  Dkt. 91 at 6-7.

In light of Plaintiffs' representation to the Court regarding "the importance of Don Ghermezian's involvement in this matter," *id.* at 6, within two weeks of the filing of this Order, Ghermezian is directed to submit to the Court a sworn affidavit stating: (1) his method of

4

communicating with Don Ghermezian regarding the counterfeit hand sanitizers; and (2) whether there ever existed any written communications between him and Don Ghermezian that are responsive to Plaintiffs' request.  If such written communications exist(ed), Ghermezian should provide in his affidavit an explanation of what happened to the written communications, the process that he undertook to search for these communications, why he is unable to locate them, and/or why they no longer exist.  To the extent Ghermezian discovers communications with Don Ghermezian concerning the counterfeit hand sanitizers that he has not yet produced to Plaintiffs, Ghermezian is ordered to produce those documents as soon as practicable and to provide an explanation to the Court as to why those documents were not previously produced.

## Conclusion

For the foregoing reasons, Plaintiffs' motion to compel is granted in part and denied in part. In summary, as set forth above, within two weeks of the filing of this Order, David Ghermezian is directed to submit a sworn affidavit to the Court regarding the existence of his communications with (1) the individuals associated with the Mexican factory producing the counterfeit hand sanitizers and (2) Don Ghermezian regarding the counterfeit hand sanitizers.  Moreover, within two weeks of the filing of this Order, Ghermezian is directed to review his production and produce complete copies of all documents produced, to the extent such documents are in his possession, custody, or control, including complete copies of all packing lists and any other shipping documents.  The Clerk of Court is respectfully directed to close the motion pending on Docket 79.

SO ORDERED.

Dated: November 29, 2021
    New York, New York

JOHN P. CRONAN
United States District Judge