# Snell & Wilmer

ONE ARIZONA CENTER
400 E. VAN BUREN, SUITE 1900
PHOENIX, AZ 85004-2202
602.382.6000 P
602.382.6070 F

Non-party Rigz, LLC's request to file Exhibits A and C to its letter motion, dated May 27, 2022, Dkts. 189, 190, is granted.

SO ORDERED.

**Jonathan G. Brinson**
**(602) 382-6189**
**jbrinson@swlaw.com**

Date:   May 31, 2022
        New York, New York

JOHN P. CRONAN
United States District Judge

May 27, 2022

**VIA EMAIL: CronanNYSDChambers@nysd.uscourts.gov**

Honorable John P. Cronan
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street, Courtroom 12D
New York, NY 100007-1312

    Re:    **Red Rock Sourcing LLC, et al. v. JGX LLC, et al. Case #21-cv-1054 (JPC)**

Dear Judge Cronan:

I write on behalf of non-party Rigz, LLC in the above-captioned matter to notify the court of the need to seal certain exhibits used in support of Rigz's pre-motion letter to intervene. The two documents in question are a Confidential Settlement Agreement and an Amendment to the Confidential Settlement Agreement (Exhibits A and C to the Intervention Letter). These exhibits should be sealed because an exceptionally weak presumption of public access applies to confidential settlement documents, and public disclosure of these documents may be highly damaging to Rigz's business reputation.

**I.    Exhibits A and C of Rigz's pre-motion letter should be sealed.**

The public's right of access to judicial documents is not absolute. *United States v. Amodeo*, 71 F. 3d 1044, 1048 (2d Cir. 1995) ("Unlimited access to every item turned up in the course of litigation would be unthinkable"); *Dorsett v. Cnty. of Nassau*, 762 F. Supp. 2d 500, 516 (E.D.N.Y. 2011). Instead, courts in the Second Circuit follow the three-pronged framework set forth in *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110 (2d Cir. 2006) to determine whether the public has a right of access to specific documents. Under *Lugosch*, the court must first determine whether the documents in question are "judicial documents" such that a presumption of public access attaches to it. 435 F.3d at 119. If so, the court "must determine the weight of that presumption." *Id*. Finally, "after determining the weight of the presumption of access, the court must 'balance competing considerations against it.'" *Id.* at 120.

"Judicial Documents" include "relevant documents which are submitted to, and accepted by, a court of competent jurisdiction in the course of adjudicatory proceedings." *Id.* at 122. The

Snell & Wilmer

Honorable John P. Cronan
May 27, 2022
Page 2

court looks not to "whether the document was actually used by the court but, rather, on the role the document was intended to play in the exercise of the court's Article III duties." *United States v. Sattar*, 471 F. Supp. 2d 380, 386 (S.D.N.Y. 2006). That is, the lesser the role that the document plays in the exercise of Article III judicial power, the lower it falls on the "continuum [ranging] from matters that directly affect an adjudication to matters that come within a court's purview solely to insure their irrelevance." *Amodeo*, 71 F.3d at 1049.

True, courts in this circuit have concluded that letter briefs in support of motions to amend pleadings are "judicial documents" to which the presumption of access attaches. *See, e.g.*, *Nycomed US, Inc. v. Glenmark Generics, Inc.*, 2010 WL 889799, at *4 (E.D.N.Y. Mar. 8, 2010). Even so, the weight of the presumption that attaches to those documents is certainly less than that associated with documents supporting summary judgment filings. *Id.*; *see also Joy v. North*, 692 F.2d 880, 893 (2d Cir. 1982) (reasoning that "document used by parties moving for, or opposing, summary judgment should not remain under seal absent the most compelling of reasons").

Here, that presumption is even less than usual because Exhibits A and C to the Intervention Letter are confidential settlement documents. When settlement agreements are conditioned on confidentiality and are not submitted for judicial approval, they are rightly subject to seal if for no other reason than "honoring the parties' express wish for confidentiality may facilitate settlement, which courts are bound to encourage." *See Gambale v. Duetsche Bank AG*, 377 F.3d 133, 143 (2d Cir. 2004). In other words, the presumption is decidedly weak under those circumstances. *Pullman v. Alpha Media Publ'g, Inc.*, 624 F. App'x 774, 779 (2d Cir. 2015). As the Second Circuit Court of Appeals has aptly recognized, "[f]ew cases would ever be settled if the press or public were in attendance at a settlement conference or privy to settlement proposals." *United States v. Glens Falls Newspapers, Inc.*, 160 F.3d 853, 858 (2d Cir. 1998); *see also Palmieri v. New York*, 779 F.2d 861, 865 (2d Cir. 1985) ("Secrecy of settlement terms is a well-established American litigation practice.").

"Countervailing considerations," including "the privacy interests of those resisting disclosure," also militate against permitting public access. *Mirlis v. Greer*, 952 F.3d 51, 59 (2d Cir. 2020). Here, Exhibits A and C to the Intervention Letter are all marked confidential. Exhibit A—a settlement agreement entered into at a time when Rigz was unrepresented by counsel—contains confidential recitals and agreements that would be damaging to Rigz if in the public domain. Publicly airing confidential recitals and settlement terms that were meant to avoid litigation, in the midst of litigation, is sure to harm Rigz. In fact, it undermines the entire purpose of the settlement agreement, which was expressly entered into to avoid litigation and the attendant harm to Rigz.

Thus, in addition to honoring the terms of the settlement agreement, the harm to Rigz's business reputation furnishes an independent additional reason to seal Exhibits A and C to the Intervention Letter. *See, e.g., New York v. Actavis, PLC*, 2014 WL 5353774, at *3 (S.D.N.Y. Oct. 21, 2014) (reasoning that courts will seal "business information that might harm a litigant's

Snell & Wilmer

Honorable John P. Cronan
May 27, 2022
Page 3

competitive standing in the market."); *Travelers Indem. Co. v. Excalibur Reinsurance Corp.*, 2012 WL 13029602, at *9 (D. Conn. May 10, 2012). Accordingly, these exhibits should be sealed.

## II. Proposed Briefing Schedule.

To the extent that the Court finds briefing on Rigz's proposal to seal necessary, Rigz proposes a briefing schedule consistent with the proposal contained in its intervention letter: (1) Rigz's Motion – Tuesday, May 31, 2022; (2) Response Briefs – Wednesday, June 1, 2022; and (3) Reply Briefs (if needed) – Thursday, June 2, 2022.

Very truly yours,

Snell & Wilmer

*Jonathan G. Brinson*

Jonathan G. Brinson

JGB

cc:  Daniel A. Schnapp (dschnapp@nixonpeabody.com)
     On Lu (onlu@nixonpeabody.com)
     Andrew H. Winetroub (awinetroub@nixonpeabody.com)
     Harlan M. Lazarus (hlazarus@lazarusandlazarus.com)
     Yvette J. Sutton (ysutton@lazarusandlazarus.com)
     Martin Stein (MStein@hhandf.com)
     Christine Priviera (Christine_privitera@tjx.com)
     Tony Visage (tony.visage@bracewell.com)
     Cody Cooper (cjcooper@phillipsmurrah.com)