UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

| | |
|---|---|
| RED ROCK SOURCING LLC, a Nevada limited liability company; and CORONADO DISTRIBUTING LLC, a Colorado limited liability company,<br><br>        Plaintiffs,<br><br>    - against -<br><br>JGX, LLC, a New York limited liability company; LIBERTY INTERNATIONAL DISTRIBUTORS, LLC, a New York limited liability company; TRIPLE FIVE WORLDWIDE, LLC, a Nevada limited liability company; ISAAC IMPORT, INC., a New York corporation; JACK GRAZI, an individual; ISAAC SABA, an individual; ELIEZER BERKOWITZ, an individual; DAVID GHERMEZIAN, an individual; and YONAH GHERMEZIAN, an individual,<br><br>        Defendants. | **MEMORANDUM OF LAW IN OPPOSITION TO MOTION TO INTERVENE**<br><br>1:21-cv-01054-JPC |

On Lu (admitted *pro hac vice*)
Andrew H. Winetroub (admitted *pro hac vice*)
**NIXON PEABODY LLP**
One Embarcadero Center
San Francisco, California 94111-3600
Tel: (415) 984-8200
Fax: (415) 984-8300

Daniel A. Schnapp
**NIXON PEABODY LLP**
55 West 46th Street
New York, NY 10036-4120
Tel: (212) 940-3000
Fax: (212) 940-3111

Erin T. Huntington
**NIXON PEABODY LLP**
677 Broadway, 10th Fl.
Albany, NY 12207
Tel: (518) 427-2650
Fax: (518) 427-2666

*Attorneys for Plaintiffs Red Rock Sourcing LLC and Coronado Distributing LLC*

**PRELIMINARY STATEMENT**

Non-Party Rigz, LLC ("**Rigz**") is not entitled to intervene in this case for the purpose of opposing the pending motion to amend filed by Plaintiffs Red Rock Sourcing LLC and Coronado Distributing LLC (collectively, "**Plaintiffs**"). Rigz is neither a party to this litigation, nor do Plaintiffs seek to name it as a defendant in the proposed Second Amended Complaint ("**SAC**") (Dkt. 186-1).

Even if Rigz is correct that the release set forth in its settlement agreement with Plaintiffs could be construed as encompassing Pilot Travel Centers, LLC ("**Pilot**") and Love's Travel Stops & Country Stores, Inc. ("**Love's**") (collectively, the "**Retail Defendants**"), it is inapplicable *by its own terms* to infringement that occurred after the release date. Indeed, Plaintiffs' claim is valid as it is limited to the Retail Defendants' conduct *after the release date, a fact that Rigz does not*[1] *and cannot dispute*. *See* SAC ¶¶ 393, 394.

Similarly, the fact that Rigz has received demands for indemnification from the Retail Defendants does not confer a cognizable interest for intervention under prevailing law.

Rigz's ostensible interest in guarding the confidentiality of the settlement agreement also does not support its request to intervene. There is nothing in the SAC which discloses the details of the settlement agreement, and the prosecution of Plaintiffs' claim against the Retail Defendants in no way involves the terms of that agreement. In contrast, Rigz's own motion (filed without redaction) publicly discloses settlement terms for which Rigz asserts it is uniquely positioned to protect.

---

[1] Tellingly, Rigz only addresses this issue tangentially by arguing that any *damages* are "extremely low." Dkt. 206 at 9. Nowhere in its multiple submissions to the Court has Rigz ever articulated how Plaintiffs' claim for post-release conduct constitutes a breach of the settlement agreement's release clause.

1

Finally, Rigz's request to intervene for the "limited" purpose of opposing the 'good cause' for Plaintiffs' proposed amendment is based upon irrelevant facts and dates. Plaintiffs' claim against the Retail Defendants is primarily based upon *their* conduct and documents *they* produced in response to Plaintiffs' subpoenas. Rigz's references to its own disclosures, which remained partial and woefully inadequate for many months, cannot defeat Plaintiffs' clear showing of good cause.

For the reasons set forth herein, Plaintiffs respectfully request that the Court deny Rigz's request to intervene.

## ARGUMENT

### I.   RIGZ LACKS A SUBSTANTIAL INTEREST IN THIS PROCEEDING

Rigz claims a substantial interest in three respects: (1) that the allegations in the SAC "are in clear breach of the settlement agreement" (Dkt. 206 at 5); (2) that Pilot and Love's have sought indemnification from Rigz (*id.*); and (3) to protect the confidentiality of the settlement agreement. None of these claims withstand scrutiny.

#### a.   *The SAC Does Not Violate the Settlement Agreement*

Rigz argues that the SAC breaches its settlement agreement with Plaintiffs by violating the release of Rigz and, allegedly, its "customers." Dkt. 206 at 8. As clearly alleged in both the SAC itself and underscored in Plaintiffs' letter opposing Rigz's request to intervene, Plaintiffs' allegations against the Retail Defendants are premised, at least in part, upon the Retail Defendants' **offering infringing goods for sale *after* the alleged release date in Plaintiffs' settlement agreement with Rigz**. *See* Dkt. 185 at 15; 186-1 at ¶¶177-183; Dkt. 194 at 1-2.

Rigz's motion fails to explain how a claim based upon conduct occurring after the release date can constitute a breach of that release. As Rigz itself quoted, the temporal scope of the release is expressly limited to "any and all actions, claims, demands . . . and causes of action from the

2

beginning of time *to the date of the Settlement Agreement*." Dkt. 206 at 1-2, 5 (emphasis added). Despite Plaintiffs recently raising this very issue before the Court, Rigz utterly fails to address it let alone offer an explanation for how its claim of breach can be reconciled with the plain language of the release provision. On this basis alone, Rigz's motion must fail.

      **b.**    *The Possibility of Rigz Indemnifying the Retail Defendants is Insufficient to Warrant Intervention*

Demands for indemnification do not confer a cognizable interest for intervention. *See, e.g., Continental Indem. Co. v Bulson Mgt., LLC*, No. 20-cv-3479 (JMF), 2020 WL 6586156, at *2 (S.D.N.Y. 2020) (denying intervention based upon indemnification as "contingent upon the outcome of pending or future litigation"); *John Wiley & Sons, Inc. v Book Dog Books, LLC*, 315 FRD 169, 175 (S.D.N.Y. 2016) (same); *Restor–A–Dent Dental Labs., Inc. v. Certified Alloy Prods., Inc.*, 725 F.2d 871, 875–76 (2d Cir. 1983). Rigz's reliance on readily distinguishable out of Circuit authority to make its assertion to the contrary is telling. *See* Dkt. 206 at 6. As such, the possibility that Rigz *may* be liable for a portion of any damages owed by the Retail Defendants is insufficient to justify its intervention.

Moreover, even if the possibility of indemnification were a sufficient interest, Rigz's ability to defend against such claims would be secondary to those of the Retail Defendants. As set forth in the SAC, the claims against the Retail Defendants are premised, at least in part, upon their offering for sale, and/or actually selling, counterfeit URBĀNE hand sanitizer after August 3, 2020. SAC ¶ 393; *see also* 15 U.S.C. § 1114(1); 15 U.S.C. § 1125(a). While Rigz may offer a secondhand account as to the amount of genuine and counterfeit sanitizer that it shipped the Retail Defendants (*see, e.g.,* Dkt. 206 at 9), only the Retail Defendants themselves have knowledge of, *inter alia*, their inventory, sales and their profits therefrom. *See* 15 U.S.C. § 1117(a) (damages for infringement based upon, *inter alia*, profits from the sales of infringing products). Indeed, while

Rigz baldly asserts that "the vast majority (if not all) of [the counterfeit sanitizer] would have been sold by July 2020" it provides no citation or support for this claim whatsoever. *See* Dkt. 206 at 9. In short, not only are the Retail Defendants better positioned than Rigz to assist the Court with respect to the factual and legal issues raised by Plaintiffs' claims, on a number of issues they are the *only* potential parties who possess admissible information and documents. Thus, for the same reason that Rigz has no cognizable interest supporting its request to intervene, Rigz's ability to meaningfully advance its interest is necessarily limited.

      **c.**    *The SAC Does Not Violate the Confidentiality of the Settlement Agreement*

Rigz also claims that intervention is necessary to protect the confidentiality of the settlement agreement. Dkt. 206 at 10. There is nothing whatsoever in the SAC, however, which discloses the terms of the settlement agreement.

In contrast, Rigz's own motion is replete with specific terms of the settlement agreement, including gratuitous references to the specific amounts paid. *See* Dkt. 206 at 5, 6, 7, 10, 11, 12. As evidenced by the SAC, allowing Plaintiffs' claims against the Retail Defendants to proceed will not necessitate the public disclosure of *any* of the terms of the settlement agreement. To be clear, Plaintiffs are concerned with the Retail Defendants' sale and offering for sale of infringing products after August 3, 2020 and the damages they have incurred as a result. SAC ¶¶ 393-395. This stands in stark contrast to the flagrant disregard for the confidentiality of the settlement terms that Rigz has already shown in seeking to intervene in this action.

Rigz also claims that the purpose of the confidentiality clause was to protect against "harm to business relationships and reputation that Rigz has worked long and hard to cultivate," and that allowing Plaintiffs to make allegations against its customers would "plainly undermine[] that purpose." Dkt. 206 at 6. This argument does not withstand scrutiny. For instance, Rigz did not

contest any of the identical allegations concerning its involvement when they were made in the initial Complaint or the FAC. Rigz has had ample time to complain about those allegations, whether in connection with their compliance with Plaintiffs' subpoena, their deposition testimony, or their filings with the Court dating back to the fall of 2021. Rigz's sudden concern about these allegations, over sixteen months after they were first made, is motivated but nothing more than shielding its customers from liability – a business decision which is not this Court's responsibility to adjudicate.

## II.   RIGZ'S INTERVENTION TO OPPOSE GOOD CAUSE LACKS MERIT

Rigz's argument that "[o]nly Rigz can adequately protect its significant interests" is similarly inadequate. Contrary to Rigz's conclusory arguments, and as stated above, the SAC is not a "direct violation of the settlement agreement." Dkt. 206 at 12. Rigz provides no justification for its *ad hominem* assertion that Plaintiffs will "publicly fil[e] documents that contain Rigz's confidential information." *Id.* Rigz's only argument meriting a response on this point is its claim that it is "in the best position to show" that the SAC lacks good cause. *Id.*

All parties attended Rigz's depositions and all parties have received the document productions from Rigz and the Retail Defendants. The knowledge of when certain documents were produced, or when certain information was disclosed is not unique to Rigz by any measure. Thus, contrary to Rigz's assertions, the existing defendants are in "as good a position as Rigz to oppose Plaintiffs' motion to amend[.]" Dkt. 206 at 13. In fact, the JGX Defendants have made arguments in support of their (misguided) assertion that Plaintiffs lack good cause to amend based on allegations going back to August 2020. Dkt. 201 at 7. Regardless, none of the issues raised by Rigz preclude a finding of good cause.

Rigz's argument is based upon the fact that its principals appeared for an interview[2] in April 2021 (Dkt. 187-1 at ¶ 4), produced documents through October 2021 (Dkt. 187-1 at ¶ 8), and provided deposition testimony on November 30, 2021 (Dkt. 206 at 7). Plaintiffs do not dispute that the information provided by Rigz at these junctures identified their customers as Pilot and Love's, and confirmed that they had provided counterfeit sanitizer to both. However, Plaintiffs' claim against the Retail Defendants does not rely upon this information.

Rather, Plaintiffs' claim is based upon documents produced by the Retail Defendants themselves which establish that they continued to offer for sale and/or actually sell both genuine and counterfeit sanitizer after August 3, 2020. *See* SAC ¶¶ 177-183, 393. Plaintiffs obtained documents from Pilot and Love's via subpoena in October and December 2021, respectively. In the case of Love's, Plaintiffs did not obtain documents until the week before they filed their motion for leave to amend the original complaint (*see* Dkt. 102) and, rather than further delay their filing and lend credence to the JGX and Triple Five Worldwide Defendants' claims of undue delay, sought to proceed expeditiously. Moreover, Plaintiffs did not have the opportunity to take their depositions to confirm the specific numbers of bottles sold and/or offered for sale after August 3, 2020.

Plaintiffs have still not been able to depose the Retail Defendants (although they have deposed numerous other proposed defendants since the FAC became extant [*see* Dkt. 189 at 8-12]), but they have included this claim as they anticipate that there will be no further amendments to the complaint. The depositions of the Retail Defendants will confirm the specific numbers of

---

[2] Rigz's opposition makes yet another unsupported *ad hominem* attack against Plaintiffs and their counsel, asserting that they "demanded to interview Rigz…without advising Rigz to obtain independent counsel." Dkt. 206 at 6. Not only does Mr. Portz's declaration <u>not</u> say this (*see* Dkt. 187-1 at ¶ 4), it is simply untrue. In fact, Plaintiffs and their counsel arranged for Rigz's representation by their current counsel.

bottles sold after August 3, 2020, resolve whether they have any basis for avoiding liability, and determine the scope of their damages.

Plaintiffs' efforts to obtain discovery from *all* responsible parties and include them in the proposed SAC has been diligent and expeditious.

## CONCLUSION

For the foregoing reasons, Plaintiffs respectfully submit that Rigz's motion to intervene be denied.

Dated: June 21, 2022                               Respectfully submitted,

**NIXON PEABODY LLP**

By: /s/ Daniel A. Schnapp

Daniel A. Schnapp
dschnapp@nixonpeabody.com
55 West 46th Street
New York, NY 10036-4120
Tel: (212) 940-3000
Fax: (212) 940-3111

On Lu (admitted *pro hac vice*)
onlu@nixonpeabody.com
Andrew H. Winetroub (admitted *pro hac vice*)
awinetroub@nixonpeabody.com
One Embarcadero Center
San Francisco, California 94111-3600
Tel: (415) 984-8200
Fax: (415) 984-8300

Erin T. Huntington
ehuntington@nixonpeabody.com
677 Broadway, 10th Fl.
Albany, New York 12207
Tel: (518) 427-2650
Fax: (518) 427-2666

*Attorneys for Plaintiffs Red Rock Sourcing LLC and Coronado Distributing LLC*