

Nixon Peabody LLP
Tower 46
55 West 46th Street
New York, NY 10036-4120

Attorneys at Law
nixonpeabody.com
@NixonPeabodyLLP

**Daniel A. Schnapp**
Partner

T / 212.940.3026
F / 833.343.1753
dschnapp@nixonpeabody.com

July 11, 2022

*Via E-Mail/ECF*

Honorable Judge John P. Cronan
Daniel Patrick Moynahan United States Courthouse
United States District Court, S.D.N.Y.
500 Pearl Street
New York, NY 10007-1312

    RE:   *Red Rock Sourcing LLC, et al. v. JGX, LLC, et al.*
           Case No. 21-cv-1054 (JPC)

Dear Judge Cronan:

As the Court is aware, we represent Plaintiffs Red Rock Sourcing LLC and Coronado Distributing LLC (collectively, "Plaintiffs") in the above-referenced matter. Pursuant to Civil Local Rule 37.2 and Paragraph 5(c) of the Court's Individual Rules, Plaintiffs hereby submit this letter motion concerning certain deficiencies in the responses and objections served by Defendant Triple Five Worldwide, LLC ("Triple Five") in response to Plaintiffs' first set of Requests for Production ("RFPs") and to request a conference to address these issues at the Court's earliest convenience.[1]

As an initial matter, the Rule 30(b)(6) deposition of Triple Five is set for July 20. Therefore, Triple Five's improper refusal to produce certain responsive documents is highly prejudicial to Plaintiffs' ability to take a complete and meaningful 30(b)(6) deposition in just nine days.

In particular, Triple Five is refusing to produce *any* documents responsive to Plaintiffs' RFP calling for: "All documents and communications concerning Defendant's relationship with any entity affiliated with Triple Five Group Ltd." Such a refusal is without basis, as the record makes abundantly clear. *See*, *e.g.*, Ex. K to the SAC [Dkt. 186-1]. Indeed, the record is replete with evidence that Triple Five, in fact, maintains relationships with at least a number of affiliated companies, including those that operate American Dream and the West Edmonton Mall as well as an umbrella Triple Five Group organization. Examples of such relationships are clear on an operational level (*e.g.*, the individual defendants' email addresses include the @americandream.com and @triplefive.com domains), a financial level (*e.g.*, Ameream LLC making a payment to JGX, LLC to satisfy a demand stemming from recalled hand sanitizer), and a strategic level (*e.g.*, the plan to use Triple Five to carry out the family hand sanitizer business was circulated by an officer of the West Edmonton Mall). *See*, *e.g.*, First Amended Complaint ("FAC") at ¶ 95, 144-145; FAC Ex. M; Proposed Second Amended Complaint ("SAC") ¶¶ 218-221, 357. Further, such matters are directly at issue in the pleadings, as Plaintiffs' allegations and claims include, *inter alia*, those asserting that Triple Five's principals abused the corporate form in carrying out their fraudulent scheme. *See*, *e.g.*, FAC ¶¶ 99-100, 109; SAC ¶¶ 341-369. Therefore, Triple Five's refusal to produce any documents responsive to this RFP is wholly improper.

---

[1] Counsel for Plaintiffs sent a letter to Triple Five to address the deficiencies in its RFP responses on July 6, 2022. Pursuant to Plaintiffs' request, counsel for the parties held a telephone conference on July 8, 2022 in which they met and conferred in a good faith attempt to resolve their disputes. Despite their efforts, the parties were unable to resolve all of their disputes through the meet and confer process.

Honorable Judge John P. Cronan
July 11, 2022
Page 2

NIXON PEABODY LLP
ATTORNEYS AT LAW

NIXONPEABODY.COM
@NIXONPEABODYLLP

Triple Five has also stated that it will not produce documents already produced by Don Ghermezian, David Ghermezian, Yonah Ghermezian, Eli Berkowitz, Isaac Saba, or Orly Ghermezian Saba. This position is untenable for at least a couple of reasons. For one, Triple Five has its own discovery obligations under the Federal Rules of Civil Procedure, including Rule 34. Among other things, Triple Five is obligated to produce all responsive documents in its possession, custody, or control. Here, it is attempting to avoid that obligation by virtue of documents that, in many cases, were produced by individuals who, based on their own testimony, are not formally associated with the company (such as David Ghermezian and Yonah Ghermezian). Perhaps more troubling, Triple Five's position suggests that it will not undertake a comprehensive search for responsive documents, as it is expressly relying on productions that Plaintiffs have previously and repeatedly asserted are deficient. *See, e.g.*, Dkt. 175 (setting forth, among other things, the bases for Plaintiffs' contention that David Ghermezian, Eli Berkowitz, and Triple Five have wrongfully withheld responsive documents and/or spoliated evidence). Taken together, Triple Five's responses to the RFPs, and its positions in the meet and confer, indicate that it is unwilling to comprehensively search for responsive materials and produce what it has, as required by the rules. Given the gravity of the allegations and claims asserted by Plaintiffs, this tactic is not only improper it is also deeply concerning to Plaintiffs.

While Triple Five served only an objection to Plaintiffs' RFP No. 8 ("All documents and communications concerning Defendant's relationship with CFSB, including but not limited to any and all documents Defendant provided to CFSB in connection with opening its bank account"), what it agreed to produce during the meet and confer is unjustifiably narrow.[2] In the meet and confer, Triple Five represented that it will produce documents that Triple Five provided to CFSB in connection with opening its account at the bank. Yet, that universe of documents is insufficient to respond to the full call of this RFP. A number of key categories of documents would fall outside the scope of what Triple Five has proposed, including but not limited to Triple Five's communications with CFSB about the FDA order, communications about the repayments made to JGX, communications about the refund to Benzion Tyberg, communications concerning this lawsuit and Plaintiffs' allegations, and communications with respect to wire transfers or other payments received or sent by Triple Five. Plaintiffs' allegations and claims include that Triple Five committed wire fraud and that CFSB was a key player in the counterfeiting scheme. *See, e.g.*, FAC ¶¶ 98, 144-145, 162-168; SAC ¶¶ 238-269, 341-369. Therefore, Plaintiffs are entitled to receive the documents that Triple Five has in its possession, custody, or control that are responsive to the full call of this RFP.

In light of the above, Plaintiffs respectfully request that the Court enter an order directing Triple Five to (i) produce all documents responsive to the full call of RFP No. 7, (ii) produce all documents responsive to the full call of RFP No. 8, (iii) serve supplemental responses in compliance with Rule 34, including to strike the improper objections it has served, (iv) undertake a full search for all documents responsive to the RFPs and produce such responsive documents to Plaintiffs, and (v) substantially complete the production by no later than 12:00 p.m. (noon) EDT on July 18, 2022 so that Plaintiffs may adequately prepare for the Rule 30(b)(6) deposition of Triple Five.

We thank the Court for its time and attention to this matter.

---

[2] During the meet and confer process, Triple Five represented that it will not stand on two of its general objections that would have greatly, and impermissibly, narrowed the scope of discovery afforded to Plaintiffs (*e.g.*, objections that it will not produce documents that are "arguably relevant" only to Plaintiffs' "new" allegations and claims in the SAC and that it will not produce "any documents generated or created prior to April 1, 2020"). Plaintiffs' respectfully request that Triple Five be ordered to serve supplemental responses such that, *inter alia*, these improper objections are removed.
4866-7739-9848

Honorable Judge John P. Cronan
July 11, 2022
Page 3

**NIXON PEABODY LLP**
**ATTORNEYS AT LAW**

NIXONPEABODY.COM
@NIXONPEABODYLLP

Respectfully submitted,

*/s/ Daniel A. Schnapp*

Daniel A. Schnapp
**Nixon Peabody LLP**
Attorneys for Plaintiffs


cc:   All Counsel (via ECF)

Triple Five may not withhold responsive documents in its possession, custody, or control on the basis that such documents have already been produced by Don Ghermezian, David Ghermezian, Yonah Ghermezian, Eli Berkowitz, Isaac Saba, or Orly Ghermezian Saba.  *See Ramos v. Town of East Hartford*, No. 16 Civ. 166 (VLB), 2016 WL 7340282, at *4 (D. Conn. Dec. 19, 2016) (holding that the defendant "may not withhold any responsive documents on the grounds that he believes other Defendants have already produced identical documents"); *accord Greater N.Y. Taxi Ass'n v. City of New York*, No. 13 Civ. 3089 (VSB) (JCF), 2017 WL 4012051, at *6 (S.D.N.Y. Sept. 11, 2017) ("The fact that a party already has information that it seeks through a document request does not necessarily excuse the responding party from complying with the request."); *Land Ocean Logistics, Inc. v. Aqua Gulf Corp.*, 181 F.R.D. 229, 240 (W.D.N.Y. 1998) ("Unless excused by a court order, a requested party must provide relevant discovery regardless of whether it is already available to the requesting party.").  Accordingly, it is hereby ORDERED that Triple Five shall produce any and all responsive documents in its possession, custody, or control regardless of whether such documents previously have been produced by another Defendant in this action.

It is further ORDERED that, in light of Triple Five's representations in its response letter dated July 14, 2022 as to RFP Nos. 7 and 8, *see* Dkt. 220, Plaintiffs shall file a letter by July 15, 2022, advising the Court as to what, if any, discovery disputes remain outstanding for the Court's attention.  The parties are strongly advised to meet and confer as appropriate and necessary.

SO ORDERED.

Date:   July 14, 2022
        New York, New York

_____
JOHN P. CRONAN
United States District Judge

4866-7739-9848