UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| RED ROCK SOURCING LLC, et al.<br><br>    Plaintiffs,<br><br>    v.<br><br>JGX, LLC, et al.<br><br>    Defendants. | Civ. No. 21-cv-1054-JPC<br><br><br><br>**STIPULATED PROTECTIVE ORDER REGARDING ATTORNEYS' EYES ONLY DOCUMENTS** |

**JOHN P. CRONAN, United States District Judge**.

  **WHEREAS,** Plaintiffs Red Rock Sourcing LLC and Coronado Distributing LLC and Defendant JGX, LLC served respective subpoenas on Non-Party Rite Aid Corporation ("RAC"); and

  **WHEREAS**, on May 18, 2021, the Court entered a Stipulated Protective Order (Doc. No. 36) governing the production and use of discovery materials deemed "Confidential"; and

  **WHEREAS,** RAC seeks to produce certain records that include competitively sensitive financial and pricing information; and

  **WHEREAS,** RAC has requested, and all Plaintiffs and Defendants have agreed to the following provisions with respect to such information; and

  It is hereby **ORDERED** that any person subject to this Order, including without limitation the parties to this action, their attorneys, representatives, agents, experts and consultants, acting as such, all third parties providing discovery in this action, and all other interested persons with actual or constructive notice of this Order shall adhere to the following terms, upon pain of contempt:

**Discovery Materials to Be Designated as Attorneys' Eyes Only**

1. This Order shall supplement but not supersede the Stipulated Protective Order, dated May 18, 2021 (Doc. No. 36), the terms of which shall remain fully in effect.

2. RAC shall have the right to designate as "Attorneys' Eyes Only" any information, document, or thing, or portion of any document or thing that contains highly sensitive technical, financial, competitive, or personnel information, which is not generally known by third parties and the disclosure of which is highly likely to cause significant harm to an individual or to the business or competitive position of the designating party.

3. RAC shall mark Attorneys' Eyes Only material, including without limitation any information, document, thing, interrogatory answer, admission, pleading, or testimony, with the foregoing or similar legend: "ATTORNEYS' EYES ONLY" or "ATTORNEYS' EYES ONLY – SUBJECT TO DISCOVERY CONFIDENTIALITY ORDER" (hereinafter "Attorneys' Eyes Only").

4. Portions of RAC's deposition testimony may be designated as "Attorneys' Eyes Only" either on the record during the deposition or in writing within five (5) business days of receipt of the transcript. If RAC so designates any testimony, the final transcript of the designated testimony shall be bound in a separate volume and marked "Attorneys' Eyes Only Information Governed by Protective Order" by the reporter. RAC shall have the right to exclude from attendance at that portion of the deposition any person who is not entitled to receive such information or document pursuant to this Protective Order.

5. If at any time prior to the trial of this action, RAC realizes that some portion of Discovery Material that it previously produced without limitation should be designated as "Attorneys' Eyes Only," RAC may so designate that portion by promptly notifying all parties in writing. Such designated portion of the Discovery Material will thereafter be treated as Attorneys'

Eyes Only under the terms of this Order. In addition, RAC shall provide each other party with replacement versions of such Discovery Material that bears the "Attorneys' Eyes Only" designation within two (2) business days of providing such notice.

**Who May Receive Attorneys' Eyes Only Materials**

6. Any person subject to this Order who receives from RAC any "Discovery Material" (i.e., information of any kind provided in the course of discovery in this action) that is designated as "Attorneys' Eyes Only" pursuant to the terms of this Order shall not disclose such Attorneys' Eyes Only Discovery Material to anyone else except as expressly permitted hereunder.

7. No person subject to this Order, other than RAC, shall disclose any Attorneys' Eyes Only Discovery Material to any other person whomsoever, except to:

> (a) The Court, including court personnel, any court exercising appellate jurisdiction over this action, and stenographers transcribing a deposition;
>
> (b) Outside counsel of record who are signatories to this Protective Order for a party of record in this action and employees of such attorneys and law firms to whom it is necessary that the material be shown for purposes of this action;
>
> (c) Potential witnesses to the extent the Discovery Material was authored by or addressed to the person or such person is established as knowledgeable of such information or contents of the Discovery Material prior to disclosing the Discovery Material;
>
> (d) Independent experts, consultants, investigators, or advisors of a party of record in this action, and retained by outside counsel to assist in the preparation or trial of this action and to whom it is necessary that the information be disclosed, and who have signed a Declaration in the form of Exhibit A attached;

**Incorporation by Reference of Remaining Terms of May 18, 2021 Stipulated Protective Order**

8. Paragraphs 7 through 16 of the Court's May 18, 2021 Stipulated Protective Order, (Doc. No. 36), relating to, *inter alia*, the filing of Confidential Materials in this Action, Inadvertent Disclosure of Privileged Materials, and obligations with respect to Confidential Materials after the termination of this litigation, are incorporated by reference and shall apply equally to materials designated Attorneys' Eyes Only by RAC.

**SO STIPULATED**

| For Plaintiffs: | For Defendants JGX, LLC, Isaac Import Inc. & Jack Grazi: |
|---|---|
| /s/ Daniel Schnapp<br>Daniel A. Schnapp, Esq.<br>Dated: 8/29/22 | /s/ Yvette Sutton<br>Yvette J. Sutton, Esq.<br>Dated: 8/29/22 |

For Defendants Triple Five Worldwide, LLC; Isaac Import, Inc.; Jack Grazi; Eliezer Berkowitz; David Ghermezian; and Yonah Ghermezian

/s/ Martin Stein
Martin Stein, Esq.
Dated: 8/29/22


Dated: August 30, 2022
New York, New York

SO ORDERED.

_____
**JOHN P. CRONAN**
**United States District Judge**

4

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| RED ROCK SOURCING LLC, et al.<br><br>　　　　　　Plaintiffs,<br><br>　　v.<br><br>JGX, LLC, et al.<br><br>　　　　　　Defendants. | Civ. No. 21-cv-1054-JPC<br><br><br>**NON-DISCLOSURE AGREEMENT** |

　　　I, _____ [print name], acknowledge that I have read and understand the Protective Order in this action governing the non-disclosure of those portions of Discovery Material that have been designated as Attorneys' Eyes Only. I agree that I will not disclose such Attorneys' Eyes Only Discovery Material to anyone other than for purposes of this litigation and only to those people permitted under the Protective Order, and that at the conclusion of the litigation I will return all discovery information to the party or attorney from whom I received it. By acknowledging these obligations under the Protective Order, I understand that I am submitting myself to the jurisdiction of the United States District Court for the Southern District of New York for the purpose of any issue or dispute arising hereunder and that my willful violation of any term of the Protective Order could subject me to punishment for contempt of Court.

Dated:

　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　　　　[Signature]