

Nixon Peabody LLP
Tower 46
55 West 46th Street
New York, NY  10036-4120

Attorneys at Law
nixonpeabody.com
@NixonPeabodyLLP

**Daniel A. Schnapp**
Partner

T / 212.940.3026
F / 833.343.1753
dschnapp@nixonpeabody.com

December 6, 2022

*Via E-Mail/ECF*

Honorable Judge John P. Cronan
Daniel Patrick Moynihan United States Courthouse
United States District Court, S.D.N.Y.
500 Pearl Street
New York, NY 10007-1312

RE:   *Red Rock Sourcing LLC, et al. v. JGX, LLC, et al.*
        Case No. 21-cv-1054 (JPC)

Dear Judge Cronan:

As the Court is aware, we represent Plaintiffs Red Rock Sourcing LLC and Coronado Distributing LLC (collectively, "**Plaintiffs**") in the above-referenced matter.  Pursuant to this Court's November 29, 2022 Order (Dkt. 294), Plaintiffs shall file an updated proposed Second Amended Complaint ("**Proposed SAC**"). Plaintiffs request, pursuant to Section 6 of this Court's Electronic Case Filing Rules & Instructions and Section 4 of Your Honor's Individual Rules and Practices, that the Court file under seal certain portions of the Proposed SAC.

Specifically, certain of the new allegations in the Proposed SAC relay information from documents produced by Syd Ghermezian and Defendant Triple Five Worldwide, LLC ("Triple Five Worldwide"). Mr. Ghermezian and Triple Five Worldwide marked these documents "Confidential" pursuant to the Stipulated Protective Order (Dkt. 38) entered in this proceeding. As described more fully in Plaintiffs' Letter regarding Triple Five Worldwide, LLC's Discovery Deficiencies (Dkt. 245), these records include discussions of, *inter alia,* Don Ghermezian's management of the hand sanitizer business, the disregard for the corporate form across Triple Five entities, the involvement of CFSB in Triple Five Worldwide's operations, and Triple Five Worldwide's disregard for Plaintiffs' rights or public safety in conducting its hand sanitizer business.

Plaintiffs have previously objected as to the propriety of certain of the confidentiality designations applied to these records, and they reserve their rights with respect to the same. Notwithstanding, by application of such designation, it is clear that Syd Ghermezian and Triple Five Worldwide believe the common law presumption of access to these records (which is an item "relevant to the performance of the judicial function and useful in the judicial process") is outweighed by countervailing factors. See Lugosch v. Pyramid Co. of Onondaga County, 435 F.3d 110, 119-27 (2d Cir. 2006). To avoid the disclosure of any confidential information, Plaintiffs therefore respectfully request that the Court grant its request to file the Proposed SAC containing allegations relaying the content and/or based upon these records under seal. Plaintiffs met and conferred with counsel both in writing and telephonically in an effort to narrow the scope of the designated material prior to making the request herein. Plaintiffs provided counsel with a copy of the proposed redactions in advance of the filing of this letter. Counsel for Syd Ghermezian has not yet provided consent to file the Proposed SAC in unredacted form.

Plaintiffs will file two versions for the Proposed SAC – a 'clean' copy and a redline version showing all modifications and additions made to the extant First Amended Complaint – with the allegations relaying the content and/or solely based upon the confidential evidence removed. Unredacted copies of the Proposed SAC will also be e-mailed to the Court and all counsel.

4879-3619-1554.2

Honorable Judge John P. Cronan
December 6, 2022
Page 2

**NIXON PEABODY LLP**
**ATTORNEYS AT LAW**

NIXONPEABODY.COM
@NIXONPEABODYLLP

Respectfully submitted,

*/s/ Daniel A. Schnapp*

Daniel A. Schnapp
**Nixon Peabody LLP**
Attorneys for Plaintiffs

cc:   All Counsel (via ECF)

The request is granted in part.  The Court has reviewed the proposed redactions as to form, and agrees that the proposed redactions to paragraphs 149 and 165-71 are appropriate as the presumption of public access to the information contained in these paragraphs is outweighed by countervailing factors.  *See generally Lugosch v. Pyramid Co. of Onondaga Cnty.*, 435 F.3d 110 (2d Cir. 2006).  However, in light of the letters from counsel for Syd Ghermezian and Triple Five Worldwide, *see* Dkts. 257, 259, the Court denies Plaintiffs' request to redact paragraphs 125 and 127-32.  Plaintiffs shall file a revised version of their Proposed Second Amended Complaint with redactions in accordance with this order by January 3, 2023.  The Clerk of Court is respectfully directed to close Docket Numbers 254 and 255.

SO ORDERED.

December 29, 2022
New York, New York

JOHN P. CRONAN
United States District Judge

4879-3619-1554.2