# Heller, Horowitz & Feit, P.C.

ELI FEIT
STUART A. BLANDER

JACOB W. HELLER
(1979-2013)
RICHARD F. HOROWITZ
(1979-2008)

ATTORNEYS AT LAW
260 MADISON AVENUE
NEW YORK, N.Y. 10016
(212) 685-7600
(917) 523-0692

OF COUNSEL
MARTIN STEIN

WORLD WIDE WEB
http://www.hhandf.com

WRITER'S EMAIL:
mstein@hhandf.com

January 30, 2023

*Via ECF/Email*
Honorable Judge John P. Cronan

Re:   *Red Rock Sourcing LLC, et al. v. JGX LLC, et al.,* Case No.: 21-cv-1054(JPC)

Dear Judge Cronan:

As the Court is aware, I represent defendants Triple Five Worldwide LLC, David Ghermezian, Yonah Ghermezian and Eliezer Berkowitz (the "Worldwide Defendants") in the above captioned action. I am writing this pre-motion letter pursuant to Your Honor's individual rules, to call the Court's attention to plaintiffs' failure to furnish a proper response to the Worldwide Defendants' Request for Admissions, and to compel plaintiffs to provide a response to the Requests which complies with Federal Rule 36. A copy of plaintiffs' response (which repeats the requests) is attached as exhibit 1. A telephone meet and confer was held on January 18th, and followed by an exchange of letters, which failed to resolve the dispute between the parties.

As shown in exhibit 1, the Worldwide defendants served a request asking the plaintiffs to admit or deny 26 facts. Rule 36(a)(4) provides:

> "If a matter is not admitted, the answer must specifically deny it or state in detail why the answering party cannot truthfully admit or deny it. A denial must fairly respond to the substance of the matter; and when good faith requires that a party qualify and answer or deny only a part of a matter, the answer must specify the part admitted and qualify or deny the rest. The answering party may assert lack of knowledge or information as a reason for failing to admit or deny only if the party states that it has made reasonable inquiry and that the information it knows or can readily obtain is insufficient to enable it to admit or deny."

Virtually every single response by plaintiffs fails to comply with this rule. While a three page letter is inadequate to deal with so many deficiencies (or with the frivolous objections to many of the requests), greater detail is provided in an email that I sent to plaintiffs' counsel on January 18th, which is attached as exhibit 2. For now, I offer a few examples.

1.      Request No. 3 asked plaintiffs to admit that they "have no evidence that prior to the commencement of this action that any of the Worldwide defendants had actual knowledge that the name or trademark Urbane was owned by any of the plaintiffs". Plaintiffs responded as follows:

"Denied…. Plaintiffs specifically object to this request on the basis that Plaintiffs cannot respond as to what the Worldwide Defendants knew or did not know prior to the commencement of this action. Plaintiffs object that the term "actual knowledge" and "owned" are vague and ambiguous, particularly with respect to a limited liability company".

Quite apart from the frivolous objection to the terms "actual knowledge" and "owned", the response is objectionable for several reasons.

First, the word "denied" seems to be contradicted by plaintiffs' statement that they cannot respond "as to what the Worldwide Defendants knew or did not know". Second, Request No. 3 did not ask plaintiffs to admit that the Worldwide defendants did not have "actual knowledge". The request asked plaintiffs to admit that plaintiffs "had no evidence" of actual knowledge. That is something that plaintiffs certainly know, and something which that they can certainly admit or deny. If plaintiffs have no such evidence they must admit it, and if such evidence comes to their attention later, they can move to amend their response. The Worldwide defendants are entitled to responses which, if necessary, can be read to, and understood by, a jury at trial. The Response to Request No. 3 is one of many that does not meet this simple test.

2.      In their responses to requests 5, 6 and 7, plaintiffs admitted that beginning in June 2020, plaintiffs' largest purchaser of Urbane (Pilot), which had ordered $1.8 million of Urbane in May, stopped ordering that brand. These are critical admissions, because the FDA warning regarding hand sanitizer was not issued until July. If plaintiffs sales of Urbane were virtually non-existent prior to the FDA warning for reasons having nothing to do with the Worldwide defendants, that would destroy their claim that the subsequent FDA warning (for which they blame the Worldwide defendants) destroyed their business.

Accordingly, Request No. 8 asks plaintiffs to admit that they "have no evidence that any conduct by the Worldwide defendants was a substantial factor or cause concerning the reason why plaintiffs (either directly or via Rigz) received no orders from Pilot for Urbane hand sanitizer in June 2020."

Plaintiffs responded as follows:

"Denied…. Plaintiffs specifically object to the request on the basis that it assumes facts not in evidence, namely, that there was a single "reason" for Pilot Travel Centers, LLC's decision to purchase or not purchase URBANE hand sanitizer, and calls for plaintiff to speculate as to the reason for any acts or omissions by Pilot Travel Centers, LLC. Plaintiffs object that the term "substantial factor" is vague and ambiguous".

This response is also objectionable and avoids answering the request (as well as being unintelligible to a jury). First, there is nothing in the language of the request, which "assumes" that there was a "single reason" for Pilot's decision. There could have been one reason or many reasons: the term "substantial factor or cause" is applicable regardless of the number of reasons. Second the term "substantial factor or cause" equates to proximate cause. Federal Rule 36(a)(1)(A) expressly permits a

2

request to admit "the application of law to fact". That is all Request No. 8 does. Third, Request No. 8 did not ask for speculation as to the actual reason for Pilot's decision to stop buying Urbane. It asked that plaintiff admit that IT HAD NO EVIDENCE THAT any conduct by the Worldwide Defendants was a "substantial factor or cause". Plaintiffs are entitled to a clear and unambiguous answer, which responds to the specific request and which can be used, if necessary, in connection with a motion for summary judgment or at trial.

       3.      Request No. 15 asks plaintiffs to admit that they "have no evidence that the Worldwide Defendants have sold any hand sanitizer bearing an Urbane label since December 31, 2020" This request is clearly relevant to plaintiffs' RICO claim since such a claim requires a pattern of racketeering activity. According to plaintiffs, that pattern began in May 2020. If plaintiffs have no evidence of sales after December 31st they cannot prove a closed ended pattern (which requires at least two years) or an open ended pattern (which requires the threat of continued activity).

Once again, plaintiffs' response avoided answering the specific Request:

> "Admitted in part and denied in part. Plaintiffs admit that the Worldwide defendants have not yet produced evidence of payments for the sale of hand sanitizer bearing an Urbane label received after December 31, 2020, but deny there is no evidence of any such payments as their investigation and discovery is ongoing".

However, the request did not ask if the Worldwide Defendants had "produced evidence of payments", or whether such evidence existed. The request was that plaintiffs admit that THEY HAD NO EVIDENCE!. Plaintiffs simply dodged this request.

The three examples discussed above are only a few of the many responses that do not comply with Rule 36. I refer to exhibit 2 for other examples.

The Worldwide Defendants are prepared to file their brief two weeks after the Court rules that it will entertain a motion concerning this issue. We suggest a date for plaintiffs' brief two weeks later, and a date for our reply brief one week after that.,

I thank the Court for its consideration.

Respectfully,

*Martin Stein*

Martin Stein

MS/cfd
attachments

Worldwide Defendants' request for leave to move to compel responses to their Request for Admissions is denied without prejudice.  Given that Plaintiffs have indicated a willingness to continue negotiating the scope of their responses, the Court directs the parties to continue to meet and confer on this issue, and declines to intervene at this time.  The Clerk of Court is respectfully directed to close Docket Number 272.

SO ORDERED.

February 2, 2023
New York, New York

*John P. Cronan*

JOHN P. CRONAN
United States District Judge