# Snell & Wilmer

ONE ARIZONA CENTER
400 E. VAN BUREN, SUITE 1900
PHOENIX, AZ  85004-2202
602.382.6000 P
602.382.6070 F

Plaintiffs shall indicate any opposition to Rigz's motion to seal the Response Documents and certain portions of its brief discussing the Response Documents by February 16, 2023.

SO ORDERED.

February 14, 2023
New York, New York

_____
JOHN P. CRONAN
United States District Judge

**Jonathan G. Brinson**
**(602) 382-6189**
**jbrinson@swlaw.com**

February 13, 2023

**VIA EMAIL: CronanNYSDChambers@nysd.uscourts.gov**

Honorable John P. Cronan
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street, Courtroom 12D
New York, NY 100007-1312

    Re:    **Red Rock Sourcing LLC, et al. v. JGX LLC, et al. Case #21-cv-1054 (JPC)**

Dear Judge Cronan:

    I write on behalf of Rigz, LLC in the above-captioned matter to notify the court of the need to seal exhibits used in support of Rigz's Response to Plaintiffs' Motion for Leave to File Second Amended Complaint, and certain portions of the reply brief discussing those documents (the "Response Documents"). The Response Documents include communications regarding the Rigz Settlement Agreement and proposed amendments to the Rigz Settlement Agreement. The Response Documents, and the portions of Rigz's Response discussing those documents, should be sealed because they relate to the Rigz Settlement Agreement, to which an exceptionally weak presumption of public access applies, and which the Court has already permitted Rigz to file under seal.

    **I.**    **The Final Payment Documents Should be Sealed.**

    The public's right of access to judicial documents is not absolute. *United States v. Amodeo*, 71 F. 3d 1044, 1048 (2d Cir. 1995) ("Unlimited access to every item turned up in the course of litigation would be unthinkable"); *Dorsett v. Cnty. of Nassau*, 762 F. Supp. 2d 500, 516 (E.D.N.Y. 2011). To determine whether the public has a right of access to specific documents, courts in the Second Circuit follow the three-pronged framework set forth in *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110 (2d Cir. 2006). That test requires the court to first determine whether the documents in question are "judicial documents" such that a presumption of public access attaches to them. 435 F.3d at 119. If so, the court assesses "the weight of that presumption." *Id.* Lastly, the court must balance competing considerations against the presumption of public access. *Id.* at 120.

Snell & Wilmer

Honorable John P. Cronan
February 13, 2023
Page 2

"Judicial documents" include "relevant documents which are submitted to, and accepted by, a court of competent jurisdiction in the course of adjudicatory proceedings." *Id.* at 122. The court looks not to "whether the document was actually used by the court but, rather, on the role the document was intended to play in the exercise of the court's Article III duties." *United States v. Sattar*, 471 F. Supp. 2d 380, 386 (S.D.N.Y. 2006). That is, the lesser the role that the document plays in the exercise of Article III judicial power, the lower it falls on the "continuum [ranging] from matters that directly affect an adjudication to matters that come within a court's purview solely to insure their irrelevance." *Amodeo*, 71 F.3d at 1049. Here, the Response Documents would be considered judicial documents because they have been previously submitted by multiple parties and form a basis for Rigz's request that the Court deny Plaintiffs' motion to amend on futility grounds (as well as others). However, the weight of the presumption of access for the Response Documents is still certainly less than that associated with documents supporting summary judgment filings. *Nycomed US, Inc. v. Glenmark Generics, Inc.*, 2010 WL 889799, at *4 (E.D.N.Y. Mar. 8, 2010) (exhibits in letter briefs); *see also Joy v. North*, 692 F.2d 880, 893 (2d Cir. 1982) (reasoning that "document used by parties moving for, or opposing, summary judgment should not remain under seal absent the most compelling of reasons").

Here, that presumption is even less than usual because the Response Documents relate to a confidential settlement agreement. When settlement agreements are conditioned on confidentiality and are not submitted for judicial approval, they are rightly subject to seal if for no other reason than "honoring the parties' express wish for confidentiality may facilitate settlement, which courts are bound to encourage." *See Gambale v. Duetsche Bank AG*, 377 F.3d 133, 143 (2d Cir. 2004). In other words, the presumption is decidedly weak under those circumstances. *Pullman v. Alpha Media Publ'g, Inc.*, 624 F. App'x 774, 779 (2d Cir. 2015). As the Second Circuit Court of Appeals has aptly recognized, "[f]ew cases would ever be settled if the press or public were in attendance at a settlement conference or privy to settlement proposals." *United States v. Glens Falls Newspapers, Inc.*, 160 F.3d 853, 858 (2d Cir. 1998); *see also Palmieri v. New York*, 779 F.2d 861, 865 (2d Cir. 1985) ("Secrecy of settlement terms is a well-established American litigation practice.").

"Countervailing considerations," including "the privacy interests of those resisting disclosure," also militate against permitting public access here. *Mirlis v. Greer*, 952 F.3d 51, 59 (2d Cir. 2020). Here, the Response Documents contain quotations from the parties' confidential settlement agreement, communications relating to that agreement, and proposed amendments thereto. These communications were made in confidence, and there is no overriding public interest in their disclosure.

**II.  Proposed Briefing Schedule.**

To the extent that the Court finds briefing on Rigz's proposal to seal necessary, Rigz proposes a briefing schedule consistent as follows: (1) Rigz's Motion – Friday, February 17, 2023; (2) Response Briefs – Friday, February 24, 2023; and (3) Reply Briefs (if needed) – Tuesday, February 28, 2023.

# Snell & Wilmer

Honorable John P. Cronan
February 13, 2023
Page 3

                                              Very truly yours,

                                              Snell & Wilmer

                                              *Jonathan G. Brinson*

                                              Jonathan G. Brinson

JGB

cc:    Daniel A. Schnapp (dschnapp@nixonpeabody.com)
        On Lu (onlu@nixonpeabody.com)
        Andrew H. Winetroub (awinetroub@nixonpeabody.com)
        Harlan M. Lazarus (hlazarus@lazarusandlazarus.com)
        Yvette J. Sutton (ysutton@lazarusandlazarus.com)
        Martin Stein (MStein@hhandf.com)
        Christine Priviera (Christine_privitera@tjx.com)
        Tony Visage (tony.visage@bracewell.com)
        Cody Cooper (cjcooper@phillipsmurrah.com)