

Nixon Peabody LLP
Tower 46
55 West 46th Street
New York, NY  10036-4120

Attorneys at Law
nixonpeabody.com
@NixonPeabodyLLP

**Daniel A. Schnapp**
Partner

T / 212.940.3026
F / 833.343.1753
dschnapp@nixonpeabody.com

February 23, 2023

*Via E-Mail/ECF*

Honorable Judge John P. Cronan
Daniel Patrick Moynihan United States Courthouse
United States District Court, S.D.N.Y.
500 Pearl Street
New York, NY 10007-1312

  RE: *Red Rock Sourcing LLC, et al. v. JGX, LLC, et al.*
     Case No. 21-cv-1054 (JPC)

Dear Judge Cronan:

As the Court is aware, we represent Plaintiffs Red Rock Sourcing LLC and Coronado Distributing LLC (collectively, "**Plaintiffs**") in the above-referenced matter. Pursuant to this Court's Orders (Dkt. 274, 281), Plaintiffs shall file a Sur-Reply to Rigz's Response to Plaintiffs' Motion for Leave to File a Second Amended Complaint (the "**Sur-Reply**"). Plaintiffs request, pursuant to Section 6 of this Court's Electronic Case Filing Rules & Instructions and Section 4 of Your Honor's Individual Rules and Practices, that the Court file under seal certain portions of the Sur-Reply.

Specifically, the Sur-Reply responds to Rigz's allegations regarding the terms and provisions of the Plaintiffs' settlement agreement with Rigz (the "**Settlement Agreement**"). Rigz has filed discussions of these provisions and the Settlement Agreement itself under seal (*see* Dkt. 283; 283-1) on the basis that the terms of the Settlement Agreement are confidential. While this Court has not yet ruled on the merits of Rigz's request to seal, Plaintiffs made no objection to the request and the time for objection has elapsed. *See* Dkt. 288. Indeed, Plaintiffs have no objection to limiting the public disclosure of the terms of the Settlement Agreement.

In responding to Rigz's arguments, Plaintiffs' Sur-Reply references and quotes from portions of the Settlement Agreement, as well as passages from Rigz's Response (Dkt. 283) which have themselves been redacted. Plaintiffs believe the common law presumption of access to this information (which is an item "relevant to the performance of the judicial function and useful in the judicial process") is outweighed by countervailing factors. *See Lugosch v. Pyramid Co. of Onondaga County*, 435 F.3d 110, 119-27 (2d Cir. 2006). When settlement agreements are conditioned on confidentiality and are not submitted for judicial approval, they are rightly subject to seal if for no other reason than "honoring the parties' express wish for confidentiality may facilitate settlement, which courts are bound to encourage." *See Gambale v. Duetsche Bank AG*, 377 F.3d 133, 143 (2d Cir. 2004); *see also Pullman v. Alpha Media Publ'g, Inc.*, 624 F. App'x 774, 779 (2d Cir. 2015). To avoid the disclosure of any confidential information, Plaintiffs therefore respectfully request that the Court grant its request to file their Sur-Reply containing allegations relaying the content of the confidential Settlement Agreement under seal. All redactions to the public filing of Plaintiffs' Sur-Reply will be made so as to limit the amount of information withheld, such that only confidential information from the Settlement Agreement will be removed.

4857-4302-8050 1

Honorable Judge John P. Cronan
February 23, 2023
Page 2

NIXON PEABODY LLP
ATTORNEYS AT LAW

NIXONPEABODY.COM
@NIXONPEABODYLLP

Respectfully submitted,

/s/ Daniel A. Schnapp

Daniel A. Schnapp
**Nixon Peabody LLP**
Attorneys for Plaintiffs

cc:   All Counsel (via ECF)

Rigz shall indicate any objection to Plaintiffs' request to seal certain portions of their sur-reply brief by February 28, 2023.

SO ORDERED.

February 24, 2023
New York, New York

JOHN P. CRONAN
United States District Judge

4857-4302-8050 1