**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| RED ROCK SOURCING, LLC, and CORONADO DISTRIBUTING, LLC,<br><br>*Plaintiffs*,<br><br>v.<br><br>JGX, LLC, LIBERTY INTERNATIONAL DISTRIBUTORS, LLC, TRIPLE FIVE WORLDWIDE, LLC, JACK GRAZI, NOURI JARADEH, DIB JARADEH, ISAAC SABA, ELIEZER BERKOWITZ, DAVID GHERMEZIAN, YONAH GHERMEZIAN, and DON GHERMEZIAN,<br><br>*Defendants*. | Case No.: 1:21-cv-1054-JPC |

**JGX DEFENDANTS' PRETRIAL MEMORANDUM OF LAW**

# **TABLE OF CONTENTS**

TABLE OF CONTENTS..................................................................................................................I

TABLE OF AUTHORITIES .........................................................................................................II

    I.    LANHAM ACT CLAIMS (COUNTS II, III, IV). ............................................................... 1

        A.    Distinction Between Registered and Unregistered Marks. ............................... 1

        B.    Trademark Validity/Protectability........................................................................ 2

        C.    Secondary Meaning............................................................................................... 2

        D.    Likelihood Of Confusion (*Polaroid* factors)....................................................... 4

        E.    Contributory Infringement (Count III)................................................................. 7

    II.    N.Y. COMMON LAW TRADEMARK INFRINGEMENT (COUNT VII). .......................... 7

    III.    N.Y. COMMON LAW UNFAIR COMPETITION (COUNT IX)....................................... 8

    IV.    N.Y. G.B.L. § 360-L (DILUTION BY TARNISHMENT) (COUNT XI). ..................... 8

    V.    CAUSATION............................................................................................................ 8

    VI.    DAMAGES.............................................................................................................. 9

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*4 Pillar Dynasty LLC v. New York & Co., Inc.*,
 933 F.3d 202 (2d Cir. 2019) ................................................................................................... 10

*Abbott Lab'ys v. Adelphia Supply USA*,
 No. 15CV5826CBALB, 2019 WL 5696148 (E.D.N.Y. Sept. 30, 2019) ................................... 9

*Akiro LLC v. House of Cheatham, Inc.*,
 946 F. Supp. 2d 324 (S.D.N.Y. 2013) ...................................................................................... 8

*Arrow Fastener Co. v. Stanley Works*,
 59 F.3d 384 (2d Cir. 1995) ....................................................................................................... 6

*Atari Interactive, Inc. v. Printify, Inc.*,
 714 F. Supp. 3d 225 (S.D.N.Y. 2024) ...................................................................................... 7

*Bank of Am. Corp. v. City of Miami, Fla.*,
 581 U.S. 189 (2017) ................................................................................................................. 9

*BigStar Ent., Inc. v. Next Big Star, Inc.*,
 105 F. Supp. 2d 185 (S.D.N.Y. 2000) .............................................................................. 3, 5, 8

*Capri Sun GmbH v. Am. Beverage Corp.*,
 595 F. Supp. 3d 83 (S.D.N.Y. 2022) ............................................................................... 3, 4, 5, 6

*Classic Liquor Importers, Ltd. v. Spirits Int'l B.V.*,
 201 F. Supp. 3d 428 (S.D.N.Y. 2016) ...................................................................................... 2

*Computer Assocs. Int'l, Inc. v. AJV Computerized Data Mgmt., Inc.*,
 889 F. Supp. 630 (E.D.N.Y. 1995) ........................................................................................... 8

*Diesel S.p.A. v. Diesel Power Gear, LLC*,
 No. 1:19-CV-09308 (JLR), 2023 WL 5718000 (S.D.N.Y. Sept. 5, 2023) .............................. 10

*Fashion Exch. LLC v. Hybrid Promotions, LLC*,
 No. 14-CV-1254 (SHS), 2022 WL 4554480 (S.D.N.Y. Sept. 29, 2022) .......................... 10, 11

*Fed. Treasury Enter. Sojuzplodoimport v. SPI Spirits Ltd.*,
 726 F.3d 62 (2d Cir. 2013) ....................................................................................................... 1

*George Basch Co., Inc. v. Blue Coral, Inc.*,
 968 F.2d 1532 (2d Cir. 1992) ................................................................................................. 11

*Gerber v. MTC Elec. Techs. Co.*,
   329 F.3d 297 (2d Cir. 2003) .................................................................................................. 11

*Gucci Am., Inc. v. Guess?, Inc.*,
   868 F. Supp. 2d 207 (S.D.N.Y. 2012) ..................................................................................... 8

*Hypnotic Hats, Ltd. v. Wintermantel Enters.*, LLC,
   335 F. Supp. 3d 566 (S.D.N.Y. 2018) ..................................................................................... 5

*Jewish Sephardic Yellow Pages, Ltd. v. DAG Media, Inc.*,
   478 F. Supp. 2d 340 (E.D.N.Y. 2007) ................................................................................ 3, 4

*Johns v. Winners Circle Ent., Inc.*,
   No. 22-CV-4174 (LDH) (CLP), 2025 WL 296541 (E.D.N.Y. Jan. 24, 2025) .......................... 2

*Lexmark Int'l, Inc. v. Static Control Components, Inc.*,
   572 U.S. 118 (2014) ................................................................................................................ 9

*Louis Vuitton Malletier v. Dooney & Bourke, Inc.*,
   340 F. Supp. 2d 415 (S.D.N.Y. 2004) ..................................................................................... 7

*LVL XIII Brands, Inc. v. Louis Vuitton Malletier S.A.*,
   209 F. Supp. 3d 612 (S.D.N.Y. 2016) ............................................................................ 1, 2, 3

*Mele v. Davidson & Assocs., Inc.*,
   No. 02-CV-0450E(F), 2004 WL 2285111 (W.D.N.Y. Oct. 7, 2004) ........................................ 7

*Merck Eprova AG v. Gnosis S.p.A.*,
   760 F.3d 247 (2d Cir. 2014) ....................................................................................... 9, 10, 11

*Monbo v. Nathan*,
   623 F. Supp. 3d 56 (E.D.N.Y. 2022) ....................................................................................... 1

*Nabisco, Inc. v. Warner-Lambert Co.*,
   220 F.3d 43 (2d Cir. 2000) ...................................................................................................... 4

*New World Sols., Inc. v. NameMedia Inc.*,
   150 F. Supp. 3d 287 (S.D.N.Y. 2015) ..................................................................................... 8

*Omega SA v. 375 Canal, LLC*,
   984 F.3d 244 (2d Cir. 2021) .................................................................................................... 7

*Polaroid Corp. v. Polarad Elecs. Corp.*,
   287 F.2d 492 (2d Cir. 1961) .................................................................................................... 4

*POM Wonderful LLC v. Coca-Cola Co.*,
    573 U.S. 102 (2014) .................................................................................................................. 9

*Reply All Corp. v. Gimlet Media, LLC*,
    843 F. App'x 392 (2d Cir. 2021) .............................................................................................. 6

*Romag Fasteners, Inc v. Fossil, Inc.*,
    590 U.S. 212 (2020) ................................................................................................................ 10

*RVC Floor Decor, Ltd. v. Floor & Decor Outlets of Am., Inc.*,
    527 F. Supp. 3d 305 (E.D.N.Y. 2021) ............................................................................. 2, 3, 4, 6

*Savin Corp. v. Savin Grp.*,
    391 F.3d 439 (2d Cir. 2004) ..................................................................................................... 1

*Scholastic, Inc. v. Stouffer*,
    124 F. Supp. 2d 836 (S.D.N.Y. 2000) ...................................................................................... 8

*Sly Mag., LLC v. Weider Publications L.L.C.*,
    241 F.R.D. 527 (S.D.N.Y. 2007) .......................................................................................... 1, 9

*Star Indus., Inc. v. Bacardi & Co. Ltd.*,
    412 F.3d 373 (2d Cir. 2005) ..................................................................................................... 2

*Thompson Med. Co. v. Pfizer Inc.*,
    753 F.2d 208 (2d Cir. 1985) ..................................................................................................... 2

*Tiffany & Co. v. Costco Wholesale Corp.*,
    971 F.3d 74 (2d Cir. 2020) .................................................................................................. 4, 6

*Tiffany (NJ) Inc. v. eBay Inc.*,
    600 F.3d 93 (2d Cir. 2010) ....................................................................................................... 7

*Time, Inc. v. Petersen Pub. Co. L.L.C.*,
    173 F.3d 113 (2d Cir. 1999) ..................................................................................................... 5

*Two Pesos, Inc. v. Taco Cabana, Inc.*,
    505 U.S. 763 (1992) .................................................................................................................. 2

**Statutes**
15 U.S.C. § 1114 .............................................................................................................................. 1
15 U.S.C. § 1117(a) ............................................................................................................. 9, 10, 11
N.Y. G.B.L. § 360–l ..................................................................................................................... 1, 8

Defendants JGX, LLC, Jack Grazi, Nouri Jaradeh and Dib Jaradeh (collectively, the "JGX Defendants") respectfully submit this Pretrial Memorandum of Law pursuant to Section 7.D.iii. of this Court's Individual Rules.

Counts I, V, VI, VIII, and X have been dismissed as to the JGX Defendants. ECF No. 373. Counts II-IV, VII, IX, and XI remain.

I. **Lanham Act Claims (Counts II, III, IV).**

    A. **Distinction Between Registered and Unregistered Marks.**

15 U.S.C. § 1114 concerns infringement of "a registered mark[.]" 15 U.S.C. § 1114(1).

"[T]he [Lanham] Act provides separate causes of action for… infringement of registered and unregistered trademarks. See 15 U.S.C. § 1114 (registered trademark); id. § 1125 (unregistered trademark or trade dress)[.]" *Fed. Treasury Enter. Sojuzplodoimport v. SPI Spirits Ltd.*, 726 F.3d 62, 72 (2d Cir. 2013).

"Courts in this Circuit and others have held that a plaintiff cannot recover for infringement of a registered mark based on conduct that occurred prior to the plaintiff's registration of its mark." *Monbo v. Nathan*, 623 F. Supp. 3d 56, 115 (E.D.N.Y. 2022). Indeed, "there can be no liability based on retroactive registration of a trademark." *Sly Mag., LLC v. Weider Publications L.L.C.*, 241 F.R.D. 527, 530 (S.D.N.Y. 2007).

"[E]ven if a mark is registered…, the presumption of an exclusive right to use the mark extends only so far as the goods or services noted in the registration certificate[.]" *Savin Corp. v. Savin Grp.*, 391 F.3d 439, 457 (2d Cir. 2004).

**Burden of Proof (Lanham Act)**: "To prevail on a trademark infringement, false designation of origin, or unfair competition claim under [the Lanham Act], a plaintiff must show, first, that he or she has a valid mark that is entitled to protection, and, second, that the defendant's actions are likely to cause confusion as to the origin or sponsorship of the defendant's goods." *LVL*

1

*XIII Brands, Inc. v. Louis Vuitton Malletier S.A.*, 209 F. Supp. 3d 612, 649 (S.D.N.Y. 2016).

### B. Trademark Validity/Protectability.

"An unregistered mark merits protection under the Lanham Act if it 'would qualify for registration as a trademark,'…, meaning it 'either (1) is inherently distinctive or (2) has acquired distinctiveness through secondary meaning[.]'" *RVC Floor Decor, Ltd. v. Floor & Decor Outlets of Am., Inc.*, 527 F. Supp. 3d 305, 316 (E.D.N.Y. 2021) (quoting *Star Indus., Inc. v. Bacardi & Co. Ltd.*, 412 F.3d 373, 381 (2d Cir. 2005) and *Two Pesos, Inc. v. Taco Cabana, Inc.*, 505 U.S. 763, 769 (1992)).

"[I]n the Second Circuit, the leading view is that self-laudatory terms, or those that describe the merits of a product or service, are descriptive and thus not entitled to protection absent secondary meaning." *Johns v. Winners Circle Ent., Inc.*, No. 22-CV-4174 (LDH) (CLP), 2025 WL 296541, at *3 (E.D.N.Y. Jan. 24, 2025) (collecting cases). "[S]elf-laudatory terms such as 'Best,' 'Supreme,' 'Quality,' 'Premier,' 'Exquisite,' 'Famous,' and so on, are descriptive and thus entitled to no trademark protection absent secondary meaning." *Classic Liquor Importers, Ltd. v. Spirits Int'l B.V.*, 201 F. Supp. 3d 428, 443–44 (S.D.N.Y. 2016).[1]

### C. Secondary Meaning.

"[P]roof of secondary meaning entails vigorous evidentiary requirements." *LVL XIII Brands*, 209 F. Supp. 3d at 654 (quoting *Thompson Med. Co. v. Pfizer Inc.*, 753 F.2d 208, 217 (2d Cir. 1985)).

"For unregistered marks, '[t]he crucial question' in determining secondary meaning is

---

[1] In *Classic Liquor*, the court found the registered mark "ELIT" ("a bastardization of [the word] ELITE") was "simply descriptive." *Classic Liquor Importers*, 201 F. Supp. 3d at 443-44. "The use of ELIT (again, pronounced 'elite') to describe a spirit readily indicates to consumers that the product is a high-caliber and exclusive one." *Id.* (and, because the mark is "so totally lacking in distinctiveness, originality and uniqueness… in the absence of compelling proof that it has acquired a secondary meaning to the buying public, it is not entitled to trademark protection.").

'whether the public is moved in any degree to buy an article because of its source.'" *RVC Floor Decor*, 527 F. Supp. 3d at 316. "To answer this question, courts consider: (1) length and exclusivity of use; (2) advertising expenditures; (3) consumer studies linking the product to the product source; (4) sales success; (5) unsolicited media coverage of the product; and (6) attempts to plagiarize."

Though "[n]o single factor is determinative…. [a]s a general rule, [] 'the more descriptive the term, the greater the evidentiary burden to establish secondary meaning.'" *Jewish Sephardic Yellow Pages, Ltd. v. DAG Media, Inc.*, 478 F. Supp. 2d 340, 369 (E.D.N.Y. 2007)

**Burden of Proof (Secondary Meaning)**: "A plaintiff bears the burden of proving that his mark acquired secondary meaning by the time the allegedly infringing product came on the market." *LVL XIII Brands*, 209 F. Supp. 3d at 654. *See also RVC Floor Decor*, 527 F. Supp. 3d at 317 ("[P]laintiff's burden is to establish that its mark acquired secondary meaning *before* defendant began using its allegedly infringing mark.") (emphasis in original).

**Length of Use/Exclusivity (Secondary Meaning Factor 1)**: "[T]he longer and more exclusive the trade use, the more likely it is that a mark has acquired secondary meaning[.]" *Id.* at 318 (quoting *BigStar Ent., Inc. v. Next Big Star, Inc.*, 105 F. Supp. 2d 185, 203 (S.D.N.Y. 2000)). "In contrast, '[t]he use of part or all of the mark by third parties' cuts against exclusivity of use and thus 'weakens its overall strength.'" *Capri Sun GmbH v. Am. Beverage Corp.*, 595 F. Supp. 3d 83, 161 (S.D.N.Y. 2022).

**Consumer Surveys (Secondary Meaning Factor 3)**: Though "'[n]o single factor is determinative….' 'courts have long held that consumer surveys are the most persuasive evidence of secondary meaning.'" *Id.* (quoting *LVL XIII Brands*, 209 F. Supp. 3d at 638–39).

"Certain courts have found the failure to 'muster survey evidence' to be 'quite significant' when the plaintiff has adequate financial means to do so." *RVC Floor Decor*, 527 F. Supp. 3d at

3

319–20 (collecting cases). Here, "[t]he 'consumer studies' factor weighs against secondary meaning because Plaintiff has not submitted any [] study that supports its case." *Id*.

**Unsolicited Media Coverage (Secondary Meaning Factor 5)**: Where "'[t]here does not appear to be any notable unsolicited media coverage,'…, this factor weighs against a finding of secondary meaning." *Jewish Sephardic Yellow Pages*, 478 F. Supp. 2d at 374.

### D. Likelihood Of Confusion (*Polaroid* factors).

"[C]ourts in this Circuit assessing the likelihood of confusion consider the '*Polaroid* factors' famously articulated… in *Polaroid Corp. v. Polarad Elecs. Corp.*, 287 F.2d 492 (2d Cir. 1961)." *Capri Sun*, 595 F. Supp. 3d at 144. They are:

> (1) the strength of the plaintiff's mark; (2) the degree of similarity between the plaintiff's and defendant's marks; (3) the competitive proximity of the products sold under the marks; (4) the likelihood that the plaintiff will bridge the gap; (5) actual confusion; (6) the defendant's good faith, or lack thereof, in adopting its mark; (7) the quality of the defendant's product; and (8) the sophistication of the plaintiff's customers.

*Id*. at 144–45.

"[W]e generally do not treat any one *Polaroid* factor as dispositive in the likelihood of confusion inquiry[.]" *Nabisco, Inc. v. Warner-Lambert Co.*, 220 F.3d 43, 46 (2d Cir. 2000). "Rather, a court should focus on the ultimate question of whether consumers are likely to be confused[.]" *Id*.

Additionally, "the mere possibility of confusion is not enough." *Tiffany & Co. v. Costco Wholesale Corp.*, 971 F.3d 74, 84 (2d Cir. 2020). "To prevail in a trademark infringement action, a plaintiff must prove 'a *probability* of confusion… affecting numerous ordinary prudent purchasers.'" *Id*. (emphasis in original).

**Strength of the Mark:** "The first *Polaroid* factor 'focuses on the distinctiveness of the mark, or more precisely, its tendency to identify the goods as coming from a particular source.'"

4

*Capri Sun*, 595 F. Supp. 3d at 149 (cleaned up). "[T]he stronger the secondary meaning, the stronger the mark for the purpose of the first *Polaroid* factor." *Time, Inc. v. Petersen Pub. Co. L.L.C.*, 173 F.3d 113, 118 (2d Cir. 1999).

**Similarity Between the Marks:** "In assessing similarity, courts look to the overall impression created by the [marks] and the context in which they are found and consider the totality of factors that could cause confusion among prospective purchasers." *Capri Sun*, 595 F. Supp. 3d at 162–63. "This inquiry goes beyond a mere side-by-side comparison; that two marks appear similar is not dispositive." *Id*.

For example, "differences in typeface, font and general presentation may lead to a finding that two marks are substantially different in use." *Hypnotic Hats, Ltd. v. Wintermantel Enters., LLC*, 335 F. Supp. 3d 566, 584 (S.D.N.Y. 2018). Similarly, when "the use of trademarks is always accompanied by other indicia of origin, such as a logo or graphic symbol or other words which serve to minimize confusion" such added words "are sufficient to dispel confusion as to origin and sponsorship." *BigStar Ent.*, 105 F. Supp. 2d at 206.

Accordingly, "the correct test is whether a consumer who is somewhat familiar with the plaintiff's mark would likely be confused when presented with defendant's mark alone." *Hypnotic Hats*, 335 F. Supp. 3d at 584.

**Proximity of the Products:** "The 'competitive proximity' factor concerns whether and to what extent products bearing the two parties' marks compete with each other." *Capri Sun*, 595 F. Supp. 3d at 168. "Courts assessing this factor consider 'whether the products serve the same purpose and whether they share similar geographic distribution, market position and audience appeal.'" *Id*.

**Likelihood of Bridging the Gap:** "Where… the parties' products are already in

5

competitive proximity, 'there is really no gap to bridge, and this factor is irrelevant to the *Polaroid* analysis.'" *Id.* at 169.

**Actual Confusion:** Evidence of "[c]onfusion that has actually occurred… can be anecdotal or survey-based." *RVC Floor Decor*, 527 F. Supp. 3d at 325. "At bottom, the inquiry concerns whether there was confusion that could lead to 'a diversion of sales, damage to goodwill, or loss of control over reputation.'" *Id.*

"[T]here is a difference between isolated expressions of momentary confusion and confusion that leads to actual purchasing decisions." *Capri Sun*, 595 F. Supp. 3d at 170. Likewise, "[i]nquiries about the relationship between an owner of a mark and an alleged infringer do not amount to actual confusion." *Reply All Corp. v. Gimlet Media, LLC*, 843 F. App'x 392, 398 (2d Cir. 2021).

**Defendants' Good Faith**: "In analyzing whether a defendant has acted in bad faith, the question is whether the defendant attempted 'to exploit the good will and reputation of a senior user by adopting the mark with the intent to sow confusion between the two companies' products." *Tiffany & Co.*, 971 F.3d at 88.

**Quality of Defendant's Product**: This factor is primarily concerned with whether the [plaintiff]'s reputation could be jeopardized by virtue of the fact that the [defendant]'s product is of inferior quality." *Arrow Fastener Co. v. Stanley Works*, 59 F.3d 384, 398 (2d Cir. 1995). "Absent a palpable difference in quality, [a plaintiff] has not shown a risk that the quality of [a defendants]'s products tarnishes [plaintiff]'s reputation." *Capri Sun*, 595 F. Supp. 3d at 176.

**Sophistication of the Buyers.** "The final *Polaroid* factor… 'consider[s] the general impression of the ordinary purchaser, buying under the normally prevalent conditions of the market and giving the attention such purchasers usually give in buying that class of goods.'" *Id.*

6

### E. Contributory Infringement (Count III).

"A defendant is liable for contributory trademark infringement if (1) it intentionally induces another to infringe a trademark or (2) it continues to supply its service to one whom it knows or has reason to know is engaging in trademark infringement." *Atari Interactive, Inc. v. Printify, Inc.*, 714 F. Supp. 3d 225, 235 (S.D.N.Y. 2024) (citing *Tiffany (NJ) Inc. v. eBay Inc.*, 600 F.3d 93, 106 (2d Cir. 2010)).

"For the second prong, general knowledge of infringement is insufficient." *Atari Interactive*, 714 F. Supp. 3d at 235.[2] "Instead, '[s]ome contemporary knowledge of *which particular listings are infringing* or will infringe in the future is necessary' for a determination that the defendant engaged in contributory trademark infringement." *Id.* (emphasis in original).

Additionally, "[c]ourts have insisted on a relatively egregious display of bad faith for a finding of willfulness[.]" *Mele v. Davidson & Assocs., Inc.*, No. 02-CV-0450E(F), 2004 WL 2285111, at *13 (W.D.N.Y. Oct. 7, 2004) (collecting cases).

## II.   N.Y. Common Law Trademark Infringement (Count VII).

"The elements necessary to prevail on common law causes of action [under New York law] for trademark infringement and unfair competition 'mirror the Lanham Act claims.'" *Louis Vuitton Malletier v. Dooney & Bourke, Inc.*, 340 F. Supp. 2d 415, 436 (S.D.N.Y. 2004).

"In addition, to succeed on the merits of a 'common law claim of unfair competition, [a plaintiff] must couple its evidence supporting liability under the Lanham Act with additional evidence demonstrating [the defendant's] bad faith.'" *Id.*

---

[2]   Indeed, a party "has no affirmative duty… to seek out and prevent alleged trademark violations, and cannot be found liable [for contributory infringement] if it simply fails to take reasonable preemptive precautions against sales of counterfeit items." *Omega SA v. 375 Canal, LLC*, 984 F.3d 244, 255 (2d Cir. 2021).

7

### III. N.Y. Common Law Unfair Competition (Count IX).

"To prevail on a claim of unfair competition under New York law…, a plaintiff must show a likelihood of confusion or deception of the consuming public as to the source of the allegedly infringing product [or service] *and* bad faith on the part of Defendants." *Akiro LLC v. House of Cheatham, Inc.*, 946 F. Supp. 2d 324, 342 (S.D.N.Y. 2013) (emphasis in original).

"The *Polaroid* factors may be used to measure likelihood of confusion for the purpose of a New York unfair competition claim." *Computer Assocs. Int'l, Inc. v. AJV Computerized Data Mgmt., Inc.*, 889 F. Supp. 630, 638 (E.D.N.Y. 1995). And "[s]ince plaintiff has not established a likelihood of confusion in connection with its Lanham Act claim, this failure disposes of plaintiff's state claim for unfair competition[.]" *BigStar Ent.*, 105 F. Supp. 2d at 217.

### IV. N.Y. G.B.L. § 360-l (Dilution by Tarnishment) (Count XI).

"[T]he sole relief possible on a dilution claim under either federal or state law is injunctive relief, rather than monetary damages." *Scholastic, Inc. v. Stouffer*, 124 F. Supp. 2d 836, 848 (S.D.N.Y. 2000) (citing N.Y. G.B.L. § 360–l).

To succeed on a trademark dilution claim under N.Y. G.B.L. § 360–l, a plaintiff must prove:

> (1) that it possesses a strong mark, one which has a distinctive quality or has acquired a secondary meaning such that the trade name has become so associated in the public's mind with the plaintiff that it identifies goods sold by that entity as distinguished from goods sold by others, and (2) a likelihood of dilution by either blurring or tarnishment.

*Gucci Am., Inc. v. Guess?, Inc.*, 868 F. Supp. 2d 207, 241 (S.D.N.Y. 2012).

"[T]he Second Circuit has… held that § 360–l 'protects only extremely strong marks.'" *New World Sols., Inc. v. NameMedia Inc.*, 150 F. Supp. 3d 287, 328 (S.D.N.Y. 2015).

### V. Causation.

"Under the Lanham Act, a plaintiff must show that 'the harm alleged has a sufficiently

8

close connection to the conduct the statute prohibits.'" *Abbott Lab'ys v. Adelphia Supply USA*, No. 15CV5826CBALB, 2019 WL 5696148, at *50 (E.D.N.Y. Sept. 30, 2019) (quoting *Lexmark Int'l, Inc. v. Static Control Components, Inc.*, 572 U.S. 118, 133 (2014)).

**Proximate Cause Requirement**: "[T]he proximate-cause requirement generally bars suits for alleged harm that is 'too remote' from the defendant's unlawful conduct." *Abbott Lab'ys*, 2019 WL 5696148, at *50 (quoting *Lexmark Int'l*, 572 U.S. at 133). "Thus, the 'general tendency' for damages 'is not to go beyond the first step.'" *Abbott Lab'ys*, 2019 WL 5696148, at *50 (quoting *Bank of Am. Corp. v. City of Miami, Fla.*, 581 U.S. 189, 203 (2017)).

"[I]t is well settled that in order for a Lanham Act plaintiff to receive an award of damages the plaintiff must prove either actual consumer confusion or deception resulting from the violation, *or that the defendant's actions were intentionally deceptive* thus giving rise to a rebuttable presumption of consumer confusion." *Merck Eprova AG v. Gnosis S.p.A.*, 760 F.3d 247, 256 (2d Cir. 2014) (emphasis in original).

**Relation to FDA Enforcement**: "The Lanham Act and the FDCA [(Federal Food Drug, and Cosmetic Act, as enforced by the FDA)]… each ha[ve their] own scope and purpose…. [and] impose 'different requirements and protections.'" *POM Wonderful LLC v. Coca-Cola Co.*, 573 U.S. 102, 115 (2014). "Although both statutes touch on food and beverage labeling, the Lanham Act protects commercial interests against unfair competition, while the FDCA protects public health and safety." *Id*.

## VI. Damages.

"[T]he Lanham Act treats infringement of a registered mark quite differently from infringement of a non-registered mark." *Sly Mag.*, 241 F.R.D. at 531. "[I]nfringement of a non-registered mark allows a plaintiff to recover only the infringing party's profits, damages sustained by the plaintiff, and the costs of the litigation[.]" *Id*. (citing 15 U.S.C. § 1117(a)). Any such

9

recovery is "subject to the principles of equity[.]" 15 U.S.C. § 1117(a); *see also Fashion Exch. LLC v. Hybrid Promotions, LLC*, No. 14-CV-1254 (SHS), 2022 WL 4554480, at *3 (S.D.N.Y. Sept. 29, 2022).

"[A] district court must [] balance equitable factors in assessing the propriety of a profits award." *4 Pillar Dynasty LLC v. New York & Co., Inc.*, 933 F.3d 202, 214 (2d Cir. 2019). "These include, but are not limited to: (1) the degree of certainty that the defendant benefited from the unlawful conduct; (2) the availability and adequacy of other remedies; (3) the role of a particular defendant in effectuating the infringement; (4) any delay by plaintiff; and (5) plaintiff's clean (or unclean) hands." *Id*.

"[A] trademark defendant's mental state is a highly important consideration in determining whether an award of profits is appropriate." *Romag Fasteners, Inc v. Fossil, Inc.*, 590 U.S. 212, 219 (2020).

**Willfulness/Actual Confusion Required (profits)**: "[A] finding of defendant's willful deceptiveness is a prerequisite for awarding profits." *Merck Eprova*, 760 F.3d at 261 (cleaned up). Moreover, "[a] profits award… requires a showing of actual consumer confusion—or at least proof of deceptive intent so as to raise the rebuttable presumption of consumer confusion." *Id*.

**Burden of Proof (profits)**: "When assessing a defendant's profits, 'the plaintiff shall be required to prove defendant's sales only; defendant must prove all elements of cost or deduction claimed.'" *Diesel S.p.A. v. Diesel Power Gear, LLC*, No. 1:19-CV-09308 (JLR), 2023 WL 5718000, at *3 (S.D.N.Y. Sept. 5, 2023). "This scheme 'allocates the initial burden of proving gross sales to the trademark plaintiff, and the subsequent burden of proving costs to the infringing defendant.'" *Id*.

**Actual Damages**: "[I]t is well settled that in order for a Lanham Act plaintiff to receive an

award of *damages* the plaintiff must prove either actual consumer confusion or deception resulting from the violation,… or that the defendant's actions were intentionally deceptive thus giving rise to a rebuttable presumption of consumer confusion." *Fashion Exch.*, 2022 WL 4554480 at *3 (emphasis in original) (quoting *George Basch Co., Inc. v. Blue Coral, Inc.*, 968 F.2d 1532, 1537 (2d Cir. 1992)).[3]

**Prejudgment Interest**: "[A]n award [of prejudgment interest]… is normally reserved for 'exceptional' cases[.]" *Merck Eprova*, 760 F.3d at 263–64.

**Attorney's Fees**: Attorney's fees awards are likewise reserved for "exceptional" cases. *See id.* ("The Lanham Act provides that '[t]he court in exceptional cases may award reasonable attorney fees to the prevailing party.'") (quoting 15 U.S.C. § 1117(a)).

**One Satisfaction Rule**: "[T]his Circuit's 'one satisfaction' rule, [] prohibits a plaintiff from recovering more than 'one satisfaction for each injury.'" *Gerber v. MTC Elec. Techs. Co.*, 329 F.3d 297, 303 (2d Cir. 2003). "[W]here a settlement and a judgment compensate a plaintiff for the same injury, a nonsettling defendant is entitled to a judgment reduction at least in the amount of a prior settlement." *Id*.

January 5, 2026

RESPECTFULLY SUBMITTED,

*/s/ Ariel Reinitz*
Ariel Reinitz
BOCHNER PLLC
1040 Avenue of the Americas, 15th Floor
New York, New York 10018
(646) 494-6909
ariel@bochner.law

Harlan M. Lazarus, Esq.

---

[3] "[T]he lack of survey evidence counts against finding actual confusion." *Fashion Exch.*, 2022 WL 4554480 at *4.

11

Yvette J. Sutton, Esq.<br>
LAZARUS & LAZARUS, P.C.<br>
240 Madison Avenue, 8th. Flr.<br>
New York, New York, 10016<br>
T: 212-889-7400<br>
F: 212-684-0314<br>
ysutton@lazarusandlazarus.com<br>
hlazarus@lazarusandlazarus.com<br>
<br>
*Attorneys for the JGX Defendants*

## CERTIFICATION

I certify that the foregoing document complies with the word limits dictated by the Court's Individual Rules of Practice.

*/s/ Ariel Reinitz*
Ariel Reinitz
