**DRAFT**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
                          :

RED ROCK SOURCING, LLC and CORONADO    :
DISTRIBUTING LLC,                          :
                          :
            Plaintiffs,          :
        -v-                 :        21 Civ. 1054 (JPC)
                          :
JGX, LLC, TRIPLE FIVE WORLDWIDE, LLC, JACK  :       **ORDER**
GRAZI, NOURI JARADEH, ISAAC SABA, ELIEZER  :
BERKOWITZ, and DAVID GHERMEZIAN,     :
                          :
           Defendants.       :
                          :
------------------------------------------------------------------------X

JOHN P. CRONAN, United States District Judge:

      Attached to this Order is a preliminary instruction that the Court intends to provide to the

jury prior to opening statements.  The parties will have an opportunity to express any views on the

language before the instruction is delivered.

      SO ORDERED.

Dated: February 2, 2026
      New York, New York          _____
                               JOHN P. CRONAN
                          United States District Judge

**Summary of Cause of Action**

I want to start by taking a moment to explain what as jurors you will be asked to decide. This case involves one cause of action, which alleges trademark infringement in violation of a federal statute called the Lanham Act. The Plaintiffs who brought this action are Red Rock Sourcing, LLC and Coronado Distributing LLC. The Plaintiffs allege that the Defendants, without the Plaintiffs' permission, sold hand sanitizer that was labeled with a logo similar to Coronado's trademark-protected logo and brand names.

There are seven Defendants. Two of them are corporate entities. Those are JGX, LLC and Triple Five Worldwide, LLC. The other five Defendants are individuals. They are Jack Grazi, Nouri Jaradeh, David Ghermezian, Eliezer Berkowitz, and Isaac Saba.

For four of the Defendants, I have already found as a matter of law that they have committed trademark infringement in violation of the Lanham Act. Those four Defendants are JGX, LLC, Triple Five Worldwide, LLC, Jack Grazi, and David Ghermezian. For these Defendants, you will not be asked to decide whether they are liable for committing federal trademark infringement, because I have already concluded that they are liable. Rather, you will only be asked what if any amount of damages to award the Plaintiffs.

For the other three Defendants, who are Nouri Jaradeh, Eliezer Berkowitz, and Isaac Saba, you will be first asked whether the Plaintiffs have proved each of those Defendants to be personally liable for violating the Lanham Act and, if so, what if any amount of damages to award the Plaintiffs. I already have determined, as a matter of law, that the logo on the hand sanitizer bottles in question created a likelihood of confusion with Coronado's trademark-protected logo and brand names. The issue for you to decide with respect to any liability for Nouri Jaradeh, Eliezer Berkowitz, and Isaac Saba is whether each of them individually used the infringing hand sanitizer

1

logo in commerce.  At the conclusion of this trial, I will give you more detailed instructions on what it means to use a logo in commerce.