UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
                                                          :
                                                          :
RED ROCK SOURCING, LLC and CORONADO                       :
DISTRIBUTING LLC,                                         :
                                                          :
                                                          :
                        Plaintiffs,                       :
         -v-                                              :
                                                          :        21 Civ. 1054 (JPC)
                                                          :
JGX, LLC, TRIPLE FIVE WORLDWIDE, LLC, JACK                :
GRAZI, NOURI JARADEH, ISAAC SABA, ELIEZER                 :        **ORDER**
BERKOWITZ, and DAVID GHERMEZIAN,                          :
                                                          :
                        Defendants.                       :
                                                          :
------------------------------------------------------------------------X

JOHN P. CRONAN, United States District Judge:

　　　　Attached to this Order are drafts of the jury charge and verdict form, which reflect changes

made after today's conference.  The parties should be prepared to address any final objections to

those proposed items at 9:00 a.m. tomorrow, February 10, 2026.

　　　　SO ORDERED.

Dated: February 9, 2026
　　　　New York, New York                          _____
                                                          JOHN P. CRONAN
                                                          United States District Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
                                             :

RED ROCK SOURCING, LLC and CORONADO     :
DISTRIBUTING LLC,
                                             :

                         Plaintiffs,     :

           -v-                        :
                                             :         21 Civ. 1054 (JPC)

JGX, LLC, TRIPLE FIVE WORLDWIDE, LLC, JACK  :
GRAZI, NOURI JARADEH, ISAAC SABA, ELIEZER  :      **JURY CHARGE**
BERKOWITZ, and DAVID GHERMEZIAN,
                                             :

                      Defendants.    :

                                             :
-----------------------------------------------------------------------X

# Table of Contents

I.    Introduction ........................................................................................................ 1
II.   General Instructions ............................................................................................ 2

    A.    Role of the Court ....................................................................................... 2
    B.    Role of the Jury ......................................................................................... 3
    C.    Role of Counsel/Objections and Sidebars ................................................ 3
    D.    Sympathy or Bias ...................................................................................... 4
    E.    Burden of Proof ......................................................................................... 4
    F.    What Is and Is Not Evidence .................................................................... 6
    G.    Direct and Circumstantial Evidence ......................................................... 7
    H.    Inferences .................................................................................................. 8
    I.    Witness Credibility ................................................................................... 9
    J.    Deposition Testimony .............................................................................. 10
    K.    Single Witness ......................................................................................... 11
    L.    Interested Witnesses ................................................................................ 11
    M.    All Available Evidence and Witnesses Need Not Be Produced .............. 12
    N.    Multiple Parties ....................................................................................... 12

III.  Substantive Instructions .................................................................................... 12

    A.    Summary of the Case ............................................................................... 12
    B.    Liability ................................................................................................... 13
    C.    Damages ................................................................................................... 15
    1.    Measure of Damages ............................................................................... 16
    2.    Causation ................................................................................................. 17
    3.    Treating Parties Separately ..................................................................... 17

IV.   Final Instructions .............................................................................................. 19

    A.    Right to Hear Testimony and See Exhibits/Communications with the Court ................. 19
    B.    Notes ........................................................................................................ 20
    C.    Selecting a Foreperson and the Foreperson's Duties ............................... 21
    D.    Verdict Form and Return of the Verdict .................................................. 21
    E.    Duty to Deliberate/Unanimous Verdict .................................................. 24
    F.    Oath ......................................................................................................... 25
    G.    Exceptions ............................................................................................... 25

V.    Conclusion ........................................................................................................ 25

## I.  Introduction

Members of the jury, you have now heard all of the evidence in the case, as well as the final arguments of the parties.  We have reached the point where you are about to undertake your final function as jurors.  You have paid careful attention to the evidence, and I am confident that you will act together with fairness and impartiality to reach a just verdict.  I am now going to instruct you about the law that governs this case.

There are three parts to these instructions.

*First*, I will provide you with some general instructions about your role and about how you are to decide the facts of the case.  These instructions would apply to any trial.

*Second*, I will also give you more specific instructions about the substantive legal rules applicable to this particular case, including the standards you must apply in determining issues of liability and damages.

*Third*, I will give you instructions on the process governing your deliberations.

I will read most, if not all, of these instructions to you.  It is not my favorite way to communicate with a jury, but there is a crucial need for precision in what I tell you.  The law is stated and expressed in words, and those words are very carefully chosen.  So when I tell you the law, it is critical that I use exactly the right words.

I have given each of you a copy of this charge.  If you find it easier to listen and understand while you are following along with me, please do so.  If you prefer, you can just listen and not follow along.  Either way, you will have a copy of these instructions with you in the jury room, so you can refer to them if you want to re-read any portion to facilitate your deliberations.  Because you will have a copy in the jury room, do not worry if you miss a word or two.  For now, listen

1

carefully and try to concentrate on the substance of what I am saying. I ask for your patience, cooperation, and attention.

You will also have with you in the jury room a verdict form on which to record your verdict. That form will list the questions you should consider, with instructions as to the order that you should consider them.

## II. General Instructions

**A.  Role of the Court**

I will now provide you with some general instructions about your role and about how you are to decide the facts of the case. It is my duty to do that, just as it has been my duty to preside over the trial and decide what testimony and evidence is relevant under the law for your consideration. It is your duty to apply my instructions on the law to the facts as you determine them.

On these legal matters, you must take the law as I give it to you. You must not substitute your own notions or opinions of what the law is or ought to be. You should not be concerned about the wisdom of any rule that I state.

If any attorney has stated a legal principle different from any that I state to you in my instructions, it is my instructions that you must follow. You also should not single out any particular instruction as alone stating the law, but rather you should consider my instructions as a whole when you retire to deliberate in the jury room.

You are not to infer from any of my questions or any of my rulings on objections or anything else I have done during this trial that I have any view as to the credibility of the witnesses or how you should decide the case. Any questions I have asked were designed to make sure that

2

the testimony was clear and to avoid confusion.  I have no opinion as to the verdict you should render in this case.

**B.      Role of the Jury**

With the exception of issues that I will instruct you to accept as established, you, as members of the jury, are the sole and exclusive judges of the facts.  You determine the credibility of the witnesses.  You resolve any conflicts there may be in the testimony.  You draw whatever reasonable inferences you deem appropriate from the facts as you have found them.  And you determine the weight to give the various pieces of the evidence.

Although you are encouraged to use all of your life experiences in analyzing testimony and reaching a fair verdict, you may not communicate any personal or professional expertise you might have or other facts not in evidence to the other jurors during deliberations.  You must base your discussions and decisions solely on the evidence presented to you during the trial.

Under no circumstances may you consider or speculate about the facts or about matters not in evidence.  Speculation and surmise are not a substitute for proof and where evidence is capable of an interpretation equally consistent with another interpretation, it must be interpreted against the party with the burden of proof.

**C.      Role of Counsel/Objections and Sidebars**

It is the duty of the attorneys to object when the other side offers testimony or other evidence that the attorney believes is not properly admissible.  Therefore, you should draw no inference from the fact that an attorney objected to any evidence.  Nor should you draw any inference from the fact that I might have sustained or overruled an objection.

At times during this trial, the lawyers and I had conferences at sidebar, out of your hearing. These conferences involved procedural and other matters. None of the events relating to these conferences should affect your deliberations at all.

Similarly, the personalities and the conduct of counsel in the courtroom are not in any way at issue. If you formed reactions of any kind to any of the lawyers, favorable or unfavorable, or whether you approved or disapproved of their behavior as advocates, those reactions should not affect your deliberations.

**D.    Sympathy or Bias**

You are required to evaluate the evidence calmly and objectively, without prejudice, bias, or sympathy. It would be improper for you to consider any personal feelings you may have about any party or any witness, including about an individual's race, national origin, sex, age, or any other such irrelevant factor. Your verdict must be based solely on the evidence developed at this trial, or the lack of evidence. Our judicial system only works if you reach your verdict through a fair and impartial consideration of the evidence.

Here, two of the plaintiffs—Coronado Distributing LLC and Red Rock Sourcing, LLC—and two of the defendants—JGX, LLC, and Triple Five Worldwide, LLC—are corporations. A corporation is entitled to the same fair consideration as you would give any other individual and is not entitled to any greater or lesser consideration in your deliberations. All parties are entitled to the same fair trial and stand equal before the law.

**E.    Burden of Proof**

In civil cases, a plaintiff has the burden of proving liability and damages by a preponderance of the evidence. By "liability," I am referring to the question of whether a defendant violated the law. This is separate from the issue of "damages," which is the amount of

4

money that a plaintiff may be entitled to recover in the event that a defendant violated the law. It is possible for you to conclude that a plaintiff has satisfied its burden of proof on liability but not on damages. If liability has not been established, however, there can be no damages. In a few minutes, I will explain to you the substantive law that you must consider in determining whether the plaintiffs here have proved liability or damages by a preponderance of the evidence.

But first, what does a "preponderance of the evidence" mean? To establish a fact by a preponderance of the evidence means to prove that the fact is more likely true than not. A preponderance of the evidence means the greater weight of the evidence. It refers to the quality and persuasiveness of the evidence, not the number of witnesses or documents. In determining whether what a party claims has been proven by a preponderance of the evidence, you should consider the relevant testimony of all witnesses, regardless of who may have called them, and all the relevant exhibits received in evidence, regardless of who may have produced them.

If, after considering all of the testimony, you are satisfied that the party with the burden of proof has carried its burden, then you must find in that party's favor. But if, after such consideration, you find that the evidence produced by that party is outweighed by the evidence against its position, or that the credible evidence on a given issue is evenly divided between the parties—that it is as equally probable that one side is right as it is that the other side is right—then you must decide that issue against that party with the burden of proof.

That is because when a party has the burden of proof in a civil case, that party must do more than simply produce evidence that is equal to the evidence on the other side. In order to satisfy its burden, the party with the burden of proof need prove no more than a preponderance. So, if you find that the scales tip, however slightly, in favor of the party with the burden—in other

words, that what the party claims is more likely true than not, even by just a little—then that point will have been proven by a preponderance of the evidence.

**F.      What Is and Is Not Evidence**

Throughout these instructions, you have heard and will hear me refer to "evidence." This term has a special meaning in the context of trials. And I want to take a moment to describe to you what is and is not evidence in this case. As I have said, you may rely only on the evidence in your deliberations. The evidence in this case is the sworn testimony of the witnesses and the exhibits that were provided for your consideration. On the other hand, certain things are not evidence.

First, I will describe a list of examples of things that are not evidence:

1.      You may not consider questions by a lawyer as evidence. The witnesses' answers to those questions are the evidence. At times, a lawyer may have incorporated into a question a statement which assumed certain facts to be true, and asked the witness if the statement was true. If the witness denied the truth of a statement, and if there is no direct evidence in the record proving that assumed fact to be true, then you may not consider it to be true simply because it was contained in the lawyer's question.

2.      Similarly, arguments by the lawyers are not evidence, because the lawyers are not witnesses. What the lawyers have said in their opening statements and closing arguments was intended to help you understand the evidence and reach your verdict. If your recollection of the facts differs from the lawyers' statements, it is your recollection that controls.

6

3.    Statements that I may have made concerning the evidence do not constitute evidence.

4.    Testimony that has been stricken or excluded is not evidence, and it may not be considered by you in rendering your verdict.

5.    Anything you may have seen or heard outside the courtroom is not evidence.

Now, I will discuss what is evidence. As I have said, evidence may come in several forms:

1.    The sworn testimony of the witnesses, regardless of who called them, is evidence. This is true of the witnesses' answers on both direct examination and cross examination, as well as on re-direct and re-cross examination.

2.    The exhibits that were admitted during the trial are evidence.

**G.    Direct and Circumstantial Evidence**

Generally, there are two types of evidence that you may consider in reaching your verdict.

One type of evidence is direct evidence. Direct evidence is testimony by a witness about something he or she knows by virtue of his or her own senses—something he or she has seen, felt, touched, or heard. For example, if a witness testified that on a particular day, she was in her office and could see that it was raining all day, that would be direct evidence about the weather on that day.

The other type of evidence is circumstantial evidence. Circumstantial evidence is evidence from which you may infer the existence of certain facts. For example, suppose that a witness testified that her office does not have a window. But the witness testified that, on the day in question, she saw numerous people coming into the office with wet raincoats and carrying dripping umbrellas. That testimony about the wet raincoats and dripping umbrellas is circumstantial

7

evidence that it was raining that day.  So, even though you have no direct evidence regarding the weather, you have circumstantial evidence that it was raining that day.

With circumstantial evidence, you must be careful to come to a reasonable inference by taking into account all of the evidence.  For example, if you live in an apartment building in New York City and wake up in the morning and see that the sidewalk is wet, but the street is dry, it may not necessarily be reasonable to infer that it rained the night before.  Rather, a more reasonable inference may be that the apartment building staff hosed down the sidewalk.

That is all there is to circumstantial evidence.  You infer on the basis of reason, experience, and common sense from one established fact the existence or non-existence of some other fact.  It is important you understand that where circumstantial evidence is presented, it is of no less value than direct evidence, for it is a general rule that the law makes no distinction between direct evidence and circumstantial evidence.

**H.    Inferences**

Let me say more about inferences.  In their arguments, you have heard the attorneys ask you to infer, on the basis of your reason, experience, and common sense, from one or more established facts, the existence of some other fact.

There are times when different inferences may be drawn from facts, whether proved by direct or circumstantial evidence.  It is for you, and you alone, to decide whether and what inferences you will draw.

The process of drawing inferences from facts in evidence is not a matter of guesswork, suspicion, or speculation.  An inference is a reasonable, logical deduction or conclusion that you, the jury, are permitted to draw—but are not required to draw—from the facts that have been established by either direct or circumstantial evidence.

But please remember, however, that while you should rely on your experience and common sense in drawing inferences, you may not use your experience and common sense to fill in or create evidence that does not exist. You use them only to draw reasonable inferences from proven facts or to weigh and evaluate the evidence provided during the trial.

**I.      Witness Credibility**

You have had the opportunity to observe the witnesses who testified. It is now your duty to decide how believable each witness was in their testimony. You are the sole judge of the credibility of each witness and of the importance of their testimony.

In making these judgments, you should carefully scrutinize the testimony of each witness, the circumstances under which each witness testified, the impression the witness made when testifying, and any other matters in evidence which may help you decide the truth and importance of each witness's testimony.

How do you determine where the truth lies? You watched each witness testify. Everything a witness said or did on the witness stand counts in your determination. How did the witness impress you? What was the witness's manner of testifying? Did the witness appear to be frank, forthright, and candid? Or was the witness evasive and edgy, as if hiding something? How did the witness appear? What was the witness's demeanor while testifying? In assessing credibility, how a person says something may be just as important as what that person said.

You should use all the tests for truthfulness that you would use in determining matters of importance to you in your everyday life. You should consider any bias or hostility the witness may have shown for or against any party as well as any interest the witness has in the outcome of the case. You should consider whether the witness had an opportunity to see, hear, and know the things about which they testified. You should evaluate the accuracy of the witness's memory, the

9

witness's candor or lack of candor, and the reasonableness and probability of their testimony. You should consider whether the witness's testimony was contradicted or supported by what the witness said or did on a prior occasion, by the testimony of other witnesses, or by other evidence at trial.

In other words, what you must try to do in deciding credibility is to size up a witness in light of the witness's demeanor, the explanations given, and all of the other evidence in the case. Always remember that you should use your common sense, your good judgment, and your everyday experiences in life to make your credibility determinations.

If you find that any witness has willfully testified falsely as to an important matter, the law permits you to disregard the entire testimony of that witness upon the principle that one who testifies falsely about one material fact is likely to testify falsely about everything. However, you are not required to consider all of that witness's testimony as totally "unbelievable." You may accept so much of the witness's testimony as you deem true and disregard parts of it that you feel is false. A witness may have been mistaken or testified falsely in one part of their testimony, while having been accurate and truthful in other parts.

By the processes which I have just described, you, as the sole judges of the facts, must decide which of the witnesses you believe, what portion of each witness's testimony you accept, and what weight you will give to it.

**J.    Deposition Testimony**

Some of the testimony before you is in the form of depositions. A deposition is simply a procedure where one party may question a witness or an adverse party under oath before a court stenographer prior to trial. This is part of the pretrial discovery process, and all parties are entitled

to take depositions.  You may consider the testimony of a witness given at a deposition according to the same standards you would use to evaluate the testimony of a witness given at trial.

**K.      Single Witness**

The testimony of a single witness which produces in your minds belief in the likelihood of truth is sufficient for the proof of any fact, and would justify a verdict in accordance with such testimony, even if multiple witnesses may have testified to the contrary if, after consideration of all the evidence in the case, you hold greater belief in the accuracy and reliability of that single witness.

**L.      Interested Witnesses**

In deciding whether to believe a witness, you should take into account any evidence that shows that a witness may benefit in some way from the outcome of the case, such as a financial or personal interest.  Any such witness is sometimes called an "interested witness."  In this case, you have heard testimony from Mr. Bruss, Mr. Toltz, and Mr. Daprizio, who have an interest in one or both of Coronado or Red Rock, which are the plaintiffs, and from Mr. Ghermezian, Mr. Berkowitz, Mr. Saba, and Mr. Grazi, who are among the defendants.  These are examples of interested witnesses.  If you find a witness is biased, you should view that witness's testimony with caution, subject it to close and searching scrutiny, and consider any such bias or interest has impacted the witness's testimony.

But I note that an interested witness is not necessarily less believable than a disinterested witness.  The mere fact that a witness is interested in the outcome of the case does not mean that person has not told the truth.  It is for you to decide from your observations and applying your common sense and experience and all the other considerations mentioned, whether the possible interest of any witness has intentionally or otherwise colored or distorted their testimony.  You

11

may accept as much of that testimony as you deem reliable and reject as much as you deem not credible.

**M.    All Available Evidence and Witnesses Need Not Be Produced**

The law does not require any party to call as witnesses all persons who may have been present at any time or place involved in the case, or who may appear to have some knowledge of the matters in issue at this trial.  Nor does the law require any party to produce as exhibits all papers and tangibles mentioned in this case.

**N.    Multiple Parties**

Although the plaintiffs and several of the defendants in this trial are being represented by the same counsel, you are not to treat parties being represented by shared counsel the same.  For example, you may find that some of the defendants represented by Mr. Stein or Mr. Lazarus are not liable even if other parties represented by Mr. Stein or Mr. Lazarus are.  And you may conclude that Coronado is entitled to one amount of damages even if you find that Red Rock is entitled to a different amount of damages, assuming, of course, that each plaintiff has met its burden of proof as to damages.  In other words, you must give each plaintiff and each defendant separate consideration, and determine separately whether each individual plaintiff has sustained his burden of proof as to liability and damages for each claim it advances against each defendant.

### III.  Substantive Instructions

With these general instructions in mind, I will now explain to you the substantive law that you must consider in determining whether the plaintiffs have proved liability or damages.

**A.    Summary of the Case**

As I explained to you before opening arguments, the plaintiffs in this case are Red Rock Sourcing LLC ("Red Rock") and Coronado Distributing LLC ("Coronado").  Coronado owns the

12

exclusive right to use, or give permission to others to use, the brand names "URBANE BATH & BODY" and "URBĀNE BATH & BODY," and an associated logo featuring the text "URBĀNE BATH & BODY."

In this case, the plaintiffs have argued that the defendants, without permission, sold hand sanitizer that was labeled with a logo similar to Coronado's logo. I already have decided as a matter of law that the logo on the hand sanitizer bottles in question created a likelihood of confusion with Coronado's brand names and logo. I also have decided as a matter of law that four of the defendants—JGX LLC ("JGX"), Triple Five Worldwide LLC ("Triple Five"), Jack Grazi, and David Ghermezian—are liable for their role in the sales of hand sanitizer with the logo that created this likelihood of confusion. You must accept these issues as established.

Your task is to determine two issues. First, you must determine whether the plaintiffs have proven that three of the defendants in this trial—Nouri Jaradeh, Isaac Saba, and Eliezer Berkowitz—are liable for their roles in the sale of the hand sanitizer with the logo that created a likelihood of confusion. Second, you must decide the amount of monetary damages, if any, caused to the plaintiffs by those defendants who are liable in this case.

I will now give you more information to consider in making those determinations.

**B.    Liability**

As I just mentioned, you must decide whether the plaintiffs have proven that Nouri Jaradeh, Isaac Saba, and Eliezer Berkowitz are liable. In this case, the plaintiffs have argued that each of these defendants is liable for something called "infringement of an unregistered trademark." I therefore may sometimes refer to "infringement" or an "infringing logo." To establish that a defendant is liable for infringement, a plaintiff must prove (1) that it has the right to protect a word or logo against infringement, (2) that a defendant "used in commerce" a logo or word in connection

13

with some product; and (3) that the defendant's use of such logo or word created a likelihood of confusion with the logo that the plaintiff has the right to protect.

In this case, I already have decided that the plaintiffs have a right to protect the brand names "URBANE BATH & BODY" and "URBĀNE BATH & BODY" and an associated logo featuring the text "URBĀNE BATH & BODY." I also already decided that JGX and Triple Five sold hand sanitizer with a logo that created a likelihood of confusion with the plaintiffs' brand names and logo. In other words, these companies are liable because they committed infringement through their use of an infringing logo. You must accept this conclusion in deciding this case. The only issue for you to decide with respect to liability is whether the plaintiffs have proved by a preponderance of the evidence that Nouri Jaradeh, Isaac Saba, and Eliezer Berkowitz "used in commerce" the logo that was on the hand sanitizer sold by Triple Five and JGX.

"Use in commerce" is a term of art that has a special meaning in the law. The law says that a word or logo is used in commerce when it is placed on:

(1) goods or their containers or their associated displays,

(2) the tags or labels affixed to goods or their containers, or

(3) the documents associated with goods or their sale, and

(4) the goods are sold or transported in commerce in more than one state, or in the United States and a foreign country.

As I mentioned, I have already decided that JGX and Triple Five "used in commerce" an infringing logo in connection with their sale of hand sanitizer. But you must decide whether Nouri Jaradeh, Isaac Saba, or Eliezer Berkowitz—through their work for JGX or Triple Five—also "used in commerce" that logo.

14

To be found to have "used in commerce" a word or logo as part of their role in a company's affairs, a defendant need not have personally negotiated a sale of goods with the infringing logo or personally have placed the infringing logo onto the goods which were later sold. But the employee must have at least played a significant role in accomplishing the infringing conduct. It is sufficient that a defendant directed or authorized another person at the business to "use in commerce" the infringing logo. It is also sufficient for a corporate employee to direct, control, ratify, or be the moving force behind the infringing activity. For example, if a plaintiff proves that a CEO decided that his company should sell goods with an infringing mark, the plaintiff has proved "use in commerce" as to that CEO. But, on the other hand, not every participant in the affairs of a company which committed infringement is themselves personally liable for that infringement.

As a final note, while your decision as to liability must be individually assessed as to each of Nouri Jaradeh, Isaac Saba, and Eliezer Berkowitz, your decision on liability does not require you to distinguish between each of the two plaintiffs. I have previously decided in this case that if a defendant is liable as to one of the plaintiffs, they are liable to both of the plaintiffs.

**C.    Damages**

In addition to determining liability, you must also decide what, if any, damages should be awarded. Because I have already decided as a matter of law that JGX, Triple Five, Jack Grazi, and David Ghermezian are liable, you must determine damages, if any, as to each of those four defendants. And if you find that any of Nouri Jaradeh, Isaac Saba, or Eliezer Berkowitz is liable, you also must determine damages, if any, as to whichever of those defendants that you find liable.

I will now provide you with further information about how to decide what, if any, damages are owed to the plaintiffs.

15

**1. Measure of Damages**

For each liable defendant, you should award each of the plaintiffs an amount of damages that will provide each plaintiff compensation for all injury to their business caused by the infringement committed by that particular defendant. This amount may include:

(1) injury to or loss of goodwill, including injury to general business reputation,

(2) any loss of sales as a result of the infringement,

(3) any expenses of preventing customers from being deceived, and

(4) any other factors.

Although you may consider these factors in arriving at damages, and you may draw appropriate inferences from the evidence presented, damages may not be based on speculation, conjecture, or guesswork. Damages are the amount of money that will reasonably and fairly compensate the plaintiffs for any injury or harm that you find was caused by the defendants' infringement.

Because a damages award compensates a plaintiff for injury caused by a defendant's infringement, you must first conclude that the defendant's acts caused actual confusion about the origin of, affiliation of, sponsorship of, or connection between the hand sanitizer that the defendant sold and the hand sanitizer that the plaintiffs sold. Otherwise, if there has been no confusion, then then no injury can be attributed to a defendant's use of a confusingly similar logo. To be clear, I do not mean to suggest that a direct purchaser of the hand sanitizer must have been confused. Confusion may also occur because, for example, a third-party, such as a potential customer, was misled into believing the defendant's hand sanitizer was actually the plaintiff's product.

As I have discussed, a plaintiff bears the burden of proving damages, including the fact that there was actual confusion created by a defendant's infringement. If, however, you find that a defendant has acted with the intent of deceiving the public as to the origin of, affiliation of,

16

sponsorship of, or connection between that defendant's goods and the plaintiff's, then you should presume that there was such confusion.  Should you adopt this presumption as to any of defendants in this case for whom you must assess liability, then the burden is on that defendant to disprove that his infringement created confusion among the goods at issue.

I will now say a little more about what it means for the actual confusion between a plaintiff's product and a defendant's product to "cause" a plaintiff's injury.

### 2. Causation

As I just mentioned, your task in assigning damages is to determine the total amount of harm to each plaintiff as a result of the defendants' sale of hand sanitizer with a logo that is confusingly similar to Coronado's protected brand name and logo.  For a defendant's conduct to have "caused" an injury to either or both of the plaintiffs, that plaintiff must prove by a preponderance of the evidence two things about that defendant's conduct.  First, the injury would not have occurred if not for the defendant's conduct.  In other words, if the same injury would have come about regardless of what the defendant did, the defendant's conduct did not "cause" the plaintiff's injury.  Second, the defendant's conduct was a substantial factor in bringing about the injury.  What constitutes a substantial factor is for you to decide, but there must be a link between conduct and result.

### 3. Treating Parties Separately

In deciding damages, you must distinguish between the injury, if any, caused by a defendant to Coronado and the injury, if any, caused by that defendant to Red Rock.  In other words, a defendant's injury may cause injury to one plaintiff but not the other, so if you wish, you may award different amounts of damages for each plaintiff.  Of course, it is also true that you are not required to award different amounts of damages to each plaintiff.

In addition to giving each plaintiff separate consideration, you also must separately determine damages for two separate groups of defendants. I will refer one group of defendants as the "JGX Defendants," which includes JGX, LLC, Jack Grazi, and Nouri Jaradeh. I will refer to the other group of defendants as the "Triple Five Defendants," which includes Triple Five Worldwide, LLC, David Ghermezian, Isaac Saba, and Eliezer Berkowitz. Earlier in my instruction, I explained that you must generally treat separate parties separately, and that you must also determine separately whether Nouri Jaradeh, Isaac Saba, or Eliezer Berkowitz is liable. But in deciding damages, you must determine the harm caused by the entire group of JGX Defendants which are liable and the entire group of Triple Five Defendants which are liable. In other words, you may distinguish the harm, if any, that was caused by the group of liable JGX Defendants from the harm, if any, caused by the group of liable Triple Five Defendants, but you should not make distinctions as to damages within the two groups of "JGX Defendants" and "Triple Five Defendants."

In deciding what, if any, damages were caused by the JGX Defendants and the Triple Five Defendants, you may, but are not required to, decide that one group of defendants' infringement caused greater injury to one or both of the plaintiffs than another group of defendants' infringement. For example, one of the groups of defendants may have been responsible for fewer sales of goods with a confusingly similar mark than the other group, or one group may have begun to engage in infringement at a later time than the other. But although it is proper to consider the extent of harm caused by each group of defendants, it is not your job to assign damages to each group of defendants based on your perceptions of their blameworthiness. Your task is merely to decide what amount of money would make whole each of the plaintiffs for a particular group of defendants' violation of the law.

You also may, but are not required to, decide that the two groups of defendants are responsible for a single, indivisible injury. Two defendants—or here, two groups of defendants—cause a single, indivisible injury when they each play a part in causing a particular harm to come about. For example, if two reckless drivers played a part in causing a third driver to crash her car, then any harm resulting from that accident would be a single, indivisible injury attributable to both of the reckless drivers, even if one of the two reckless drivers was "more reckless" than the other. This concept of a single, indivisible harm should be distinguished from scenario where two defendants cause separate harms. For example, imagine a hunting accident where two reckless hunters shoot their friend—one in the arm and the other in the leg. Although they are both reckless hunters, they are each responsible for separate injuries to their friend.

## IV.  Final Instructions

**A.    Right to Hear Testimony and See Exhibits/Communications with the Court**

You are about to begin your deliberations. A list of the witnesses who testified at trial and of the exhibits introduced into evidence will be sent to you in the jury room, along with a copy of my instructions on the law and a copy of the verdict form. You will have a laptop in the jury room that will have uploaded the electronic exhibits that have been received in evidence during the trial. You therefore will be able to access and view any of the electronic exhibits in the jury room on that laptop. If you have trouble viewing any exhibit or exhibits on the laptop, please send out a note specifying which exhibit or exhibits you would like to see and we will provide you with printouts of that exhibit or exhibits.

If during your deliberations, you want any of the testimony read back to you, please send out a note specifying what you want to hear and we will bring you back to the courtroom to read

it back for you.  Please remember that it is not always easy to locate what you might want, so be as specific as you possibly can in requesting exhibits or portions of the testimony.

If you want any further explanation of the law as I have explained it to you, you may also request that from me.  If there is any doubt or question about the meaning of any part of the instructions that I have given you during this trial, you should not hesitate to send me a note asking for clarification or for additional explanation.

It is very important that you not communicate with anyone outside the jury room about your deliberations or about anything concerning this case.  The only exceptions to this rule are what I just mentioned.  If it becomes necessary during your deliberations to communicate with me—to request exhibits or testimony, or to request clarification on the law—you should send a note to me, in writing, signed by your foreperson, and given to the Court Security Officer who will be outside of the jury room.  That Officer will get the note to Ms. Henrich.  No member of the jury should ever attempt to communicate with me except by a signed note, and I will never communicate with a member of the jury during your deliberations on any subject touching on the merits of the case other than in writing, or orally here in open court.  If you send any notes to me, do not disclose anything about your deliberations.  Specifically, do not disclose to anyone—not even to me—how the jury stands on the verdict, numerically or otherwise, until after you have reached the final unanimous verdict or have been discharged.

**B.    Notes**

Many of you have taken notes periodically throughout this trial.  I want to emphasize to you, as you are about to begin your deliberations, that notes are simply an aid to memory.  Notes that any of you may have made may not be given any greater weight or influence in determination of the case than the recollections or impressions of other jurors, whether from notes or memory,

20

with respect to the evidence presented or what conclusions, if any, should be drawn from such evidence. Any difference between a juror's recollection and another juror's notes should be settled by asking to have the court reporter read back the transcript, for it is the court record rather than any juror's notes upon which the jury must base its determination of the facts and its verdict.

**C.      Selecting a Foreperson and the Foreperson's Duties**

The first thing you should do when you retire to deliberate is take a vote to select one of you to sit as your foreperson. The foreperson will send out any notes, and when the jury has reached a verdict, he or she will notify the Court Security Officer that the jury has reached a verdict, and when you come into open court, the foreperson will be asked to state what the verdict is.

**D.      Verdict Form and Return of the Verdict**

You will record your verdict by answering the questions on the verdict form that I have provided you. You should proceed through the questions in the order in which they are listed, following the instructions on that form. I will now briefly walk you through each of the questions listed on that form.

The first three questions on the verdict form, which are listed under the header "Issue 1: Liability," ask you to decide whether particular defendants are liable. Question 1 asks whether the plaintiffs have proven, by a preponderance of the evidence, that Nouri Jaradeh used in commerce the infringing logo. You should put an X over the line that corresponds with your decision. If you find that Nouri Jaradeh used in commerce the infringing logo, he is liable. If you find that Nouri Jaradeh did not use in commerce the infringing logo, he is not liable.

Question 2 asks whether the plaintiffs have proven, by a preponderance of the evidence, that Isaac Saba used in commerce the infringing logo. You should put an X over the line that corresponds with your decision. If you find that Isaac Saba used in commerce the infringing logo,

he is liable. If you find that Isaac Saba did not use in commerce the infringing logo, he is not liable.

Question 3 asks whether the plaintiffs have proven, by a preponderance of the evidence, that Eliezer Berkowitz used in commerce the infringing logo. You should put an X over the line that corresponds with your decision. If you find that Eliezer Berkowitz used in commerce the infringing logo, he is liable. If you find that Eliezer Berkowitz did not use in commerce the infringing logo, he is not liable.

The remaining questions on the verdict form, which are listed under the header "Issue 2: Damages," ask you to decide what amount of damages, if any, to award to each plaintiff from each group of defendants. Question 4 asks you to decide the total amount of damages, if any, that the plaintiffs collectively suffered as a result of the infringement of all liable defendants. Then, Question 5 asks you whether that total amount of damages should be apportioned differently among the two plaintiffs. By "apportioned differently," I mean "assessed separately." If you answer "yes," you are deciding that the two plaintiffs did not suffer an equal amount of harm, and therefore should not receive an equal share of damages. If you answer "no," you are deciding that the two plaintiffs suffered an equal amount of harm, and therefore should recover an equal share of the damages.

If you answer "no" to Question 5, then you should leave Question 6 blank and proceed to Question 7. Question 7 asks whether all of the total damages awarded in Question 4 was the result of a single, indivisible injury caused by all the defendants that engaged in infringement. If your answer to Question 5 is "no" and your answer to Question 7 is "yes," your deliberations are complete and you should leave the rest of the questions blank. But if your answer to Question 5 is "no" and your answer to Question 7 is "no," then you should answer Question 8 and leave

22

Questions 9 and 10 blank. Question 8 asks what, if any, amount of the total damages awarded in Question 4 was the result of (1) a single, indivisible injury caused by both the JGX Defendants and the Triple Five Defendants, (2) an injury caused by the JGX Defendants but not attributable to the Triple Five Defendants, and (3) an injury caused by the Triple Five Defendants but not attributable to the JGX Defendants. The sum of these three numbers should equal the amount of total damages the you found in Question 4.

If, however, you answer "yes" to Question 5, you should proceed to Question 6, which asks what amount of damages, if any, should be awarded to Red Rock Sourcing, LLC and what amount of damages, if any, should be awarded to Coronado Distributing LLC. You should provide different amounts for each plaintiff, and the sum of these two numbers should equal the amount of total damages the you found in Question 4. After answering Question 6, you should proceed to Question 7, which, as I previously explained, asks whether all of the total damages awarded in Question 4 was the result of a single, indivisible injury caused by all the defendants that engaged in infringement. If your answer to Question 5 is "yes" and your answer to Question 7 is "yes," your deliberations are complete and you may leave the rest of the questions blank. But if your answer to Question 5 is yes" and your answer to Question 7 is "no," then you should leave Question 8 blank and proceed to answer Questions 9 and 10.

Question 9 asks what, if any, amount of the damages awarded to Red Rock Sourcing, LLC in the first line of your response to Question 6 was the result of (1) a single, indivisible injury caused by both the JGX Defendants and the Triple Five Defendants, (2) an injury caused by the JGX Defendants but not attributable to the Triple Five Defendants, and (3) an injury caused by the Triple Five Defendants but not attributable to the JGX Defendants. The sum of these three numbers should equal the amount of damages the you found in the first line of Question 6.

23

Question 10 asks what, if any, amount of the damages awarded to Coronado Distributing LLC in the second line of your response to Question 6 was the result of (1) a single, indivisible injury caused by both the JGX Defendants and the Triple Five Defendants, (2) an injury caused by the JGX Defendants but not attributable to the Triple Five Defendants, and (3) an injury caused by the Triple Five Defendants but not attributable to the JGX Defendants. The sum of these three numbers should equal the amount of damages that you found in the second line of Question 6.

After you answer each question that you are directed to answer on the verdict form, the foreperson should fill in the form and date it, and each of you should sign it. The foreperson should then give a note to the Court Security Officer outside your door stating that you have reached a verdict. Do not specify what the verdict is in your note. Instead, the foreperson should retain the verdict sheet, and give the verdict to me in open court when you are all called in.

I will stress again that each of you must be in agreement with the verdict that is announced in court. Once your verdict is announced by your foreperson in open court and officially recorded, it cannot ordinarily be revoked.

**E.      Duty to Deliberate/Unanimous Verdict**

You will now retire to decide the questions I have described to you. Your verdict on each question must be unanimous. Each juror is entitled to his or her opinion, but you are required to exchange views with your fellow jurors. This is the very essence of jury deliberation. It is your duty to discuss the evidence. If you have a point of view and after reasoning with other jurors it appears that your own judgment is open to question, then of course you should not hesitate in yielding your original point of view if you are convinced that the opposite point of view is really one that satisfies your judgment and conscience. You are not to give up a point of view, however, that you conscientiously believe in simply because you are outnumbered or outweighed. You

24

should vote with the others only if you are convinced on the evidence, the facts, and the law that it is the correct way to decide the case. You are not to discuss the case until all nine jurors are present. That means that after any breaks or when you arrive in the morning if your deliberations last more than one day, do not begin to discuss the case until all jurors are present. Five or six jurors together is only a gathering of individuals. Only when all nine jurors are present do you constitute a jury, and only then may you deliberate.

**F.     Oath**

I remind you that you took an oath to render judgment impartially and fairly, without prejudice or sympathy and without fear, solely upon the evidence in the case and the applicable law. Your oath sums up your duty. I know that you will do your duty and reach a just and true verdict.

**G.     Exceptions**

I will ask you to remain seated while I confer with the attorneys to see if there are any additional instructions that they would like me to give to you, or if there is anything I may not have covered. In this regard, I ask you not to discuss the case while seated in the box because the case has not yet been formally submitted to you.

**V.  Conclusion**

Members of the jury, that concludes my instructions to you. You may now retire to the jury room and begin this phase of your deliberations. As the first matter of business, please select a foreperson and send me a note, signed, dated, and timed, through the Court Security Officer, telling me whom you have elected as your foreperson.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
                                                :

RED ROCK SOURCING, LLC and CORONADO     :
DISTRIBUTING LLC,                                  :

                             :
                 Plaintiffs,           :
           -v-                    :           21 Civ. 1054 (JPC)
                             :

JGX, LLC, TRIPLE FIVE WORLDWIDE, LLC, JACK :        **VERDICT FORM**
GRAZI, NOURI JARADEH, ISAAC SABA, ELIEZER  :
BERKOWITZ, and DAVID GHERMEZIAN,        :

                             :
                Defendants.           :

                             :
-------------------------------------------------------------------X

     *The jurors must answer the below questions in the order they are presented.  All jurors must agree on the answers to any questions they are directed to answer.*

### Issue 1: Liability

1. Have the plaintiffs, Red Rock Sourcing, LLC and Coronado Distributing LLC, proven, by a preponderance of the evidence, that **Nouri Jaradeh** used in commerce the infringing logo?

           Yes:  _____           No:  _____

2. Have the plaintiffs, Red Rock Sourcing, LLC and Coronado Distributing LLC, proven, by a preponderance of the evidence, that **Isaac Saba** used in commerce the infringing logo?

           Yes:  _____           No:  _____

3. Have the plaintiffs, Red Rock Sourcing, LLC and Coronado Distributing LLC, proven, by a preponderance of the evidence, that **Eliezer Berkowitz** used in commerce the infringing logo?

           Yes:  _____           No:  _____

1

**Issue 2: Damages**

4.  What is the total amount of damages, if any, that you find that the plaintiffs collectively suffered as a result of the infringement of all liable defendants.

    Total Damages:                    $ _____.

5.  Do you find that the Total Damages that the plaintiffs suffered as a result of the defendants' infringement should be apportioned differently among the two plaintiffs?

    Yes: _____              No: _____

    *If you answer "Yes" to Question 5, proceed to Question 6.*

    *If you answer "No" to Question 5, skip Question 6 and proceed to Question 7.*

6.  What do you find to be the amount of damages, if any, that should be awarded to each of the plaintiffs?  (Note: The total for each of the plaintiffs must equal the Total Damages answered in Question 1.)

    Red Rock Sourcing, LLC:         $ _____.

    Coronado Distributing LLC:      $ _____.

7.  Do you find that the Total Damages the plaintiffs suffered as a result of the defendants' infringement was a single, indivisible injury caused by all the defendants that engaged in infringement?

    Yes: _____              No: _____

    *If you answered "Yes" to Question 7, your deliberations are complete.  Please proceed to the end of the form.*
    *If you answered "No" to Question 7, continue on this form.*

    *If you answered "No" to Question 5 above, answer Question 8 and then skip Questions 9 and 10.*
    *If you answered "Yes" to Question 5 above, skip Question 8 and proceed to Questions 9 and 10.*

2

8. With respect of the Total Damages awarded to the plaintiffs (*i.e.*, the amount answered in Question 4 above), what amount of damages, if any, do you find was caused by the following defendants:

The JGX Defendants.[1] and the
Triple Five Defendants.[2] jointly:          $ _____ .

The JGX Defendants:          $ _____ .

The Triple Five Defendants:          $ _____ .

(Note that this total should equal the amount answered in Question 4.)

9. With respect of the damages awarded to Red Rock Sourcing, LLC (*i.e.*, the amount answered in first line of Question 6 above), what amount of damages, if any, do you find was caused by the following defendants:

The JGX Defendants and the
Triple Five Defendants jointly:          $ _____ .

The JGX Defendants:          $ _____ .

The Triple Five Defendants:          $ _____ .

(Note that this total should equal the amount answered in the first line of Question 6.)

10. With respect of the damages awarded to Coronado Distributing LLC (*i.e.*, the amount answered in the second Question 6 above), what amount of damages, if any, do you find was caused by the following:

The JGX Defendants and the
Triple Five Defendants jointly:          $ _____ .

The JGX Defendants:          $ _____ .

The Triple Five Defendants:          $ _____ .

(Note that this total should equal the amount answered in the second line of Question 6.)

---

[1] The JGX Defendants are JGX, LLC and Jack Grazi, as well as Nouri Jaradeh if you find Nouri Jaradeh liable in Question 1.

[2] The Triple Five Defendants are Triple Five Worldwide, LLC, and David Ghermezian, as well as Isaac Saba and/or Eliezer Berkowitz if you find Isaac Saba and/or Eliezer Berkowitz liable in Questions 2 and 3.

3

*The Foreperson should ensure that each juror agrees with the answer to each Question answered above.  If so, your deliberations have concluded and the Foreperson should sign and date below.  Then notify the Marshal that you have reached a verdict.  Do not tell the Marshal what the verdict is.*

Dated: February __, 2026

_____
Foreperson

4